(951 P.2d 548)

No. 77,641

KNUTSON MORTGAGE CORPORATION, *Plaintiff*, v. JAMES C. COLEMAN, *et al.*, *Defendants*. SHAPIRO & REID and RICHARD L. REID, *Appellants*, and SHERIFF OF SEDGWICK COUNTY, *Appellee*.

Opinion filed December 24, 1997.

*Ron D. Beal*, of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for appellants.

*Ed L. Randels*, assistant county counselor, for appellee.

Before GREEN, P.J., ROYSE, J., and WAHL, S.J.

ROYSE, J.: Richard L. Reid and the law firm of Shapiro & Reid appeal the district court's order imposing sanctions, based on an unauthorized alteration in a certificate of purchase.

This action was brought by Dovenmuehle Mortgage, Inc., (DMI) against Brad L. Zimmerman to foreclose a mortgage. Richard L. Reid, of the law firm of Shapiro & Reid, represented the

plaintiff. DMI obtained an in rem judgment against Zimmerman, and the district court ordered the sheriff to advertise and sell the mortgaged real estate. The district court further ordered the sheriff to issue a certificate of purchase upon confirmation of the sale and, if the property was not redeemed within 3 months, to issue a sheriff's deed to the property upon surrender of the certificate of purchase.

The sale was held on December 27, 1995. On January 23, 1996, an order confirming the sheriff's sale was filed, which recited that sale of the property was made to DMI for the sum of $43,788. The sheriff subsequently issued a certificate of purchase to DMI, however, which listed the bid amount as $54,004.98.

Shapiro & Reid employees believed the amount reflected in the certificate of purchase was incorrect. Without seeking the district court's permission to do so, they changed the document to show that DMI bought the property for $43,788. After the time for redemption had expired, Shapiro & Reed returned the altered certificate of purchase to the sheriff so that a sheriff's deed could be issued.

Noting the alteration which had been made on the certificate of purchase, the sheriff filed a motion for instructions, seeking direction from the court as to how he should proceed and whether the deed should be issued. At the hearing on the motion for instructions, Todd Shadid and Mark Lazzo of Klenda, Mitchell, Austerman & Zuercher, L.L.C., appeared for DMI, advising the court that their office served as local counsel for Shapiro & Reid. They explained that Shapiro & Reid had mistakenly believed the bid amount was $43,788. Raymond Jonscher, the office manager for Shapiro & Reid, noticed what he thought was an incorrect amount on the certificate of purchase and instructed an employee to alter the document. Shadid further advised the court that Jonscher had no intent to deceive the sheriff and that Reid was hospitalized when these events occurred and had no knowledge of the alteration.

At the conclusion of the hearing on the motion for instructions, the district court on its own motion imposed sanctions on Shapiro & Reid and Richard L. Reid in the amount of $10,216.98, representing the difference between the amount originally included on

the certificate of purchase and the altered amount. The district court ordered the sanctions paid to the State.

DMI subsequently assigned its mortgage to Knutson Mortgage Corporation (Knutson), and Knutson was substituted as the plaintiff in this case. Shapiro & Reid and Richard L. Reid appeal the district court's order imposing sanctions.

Appellants' first argument on appeal is that the district court lacked authority to impose sanctions in this case. They contend, correctly, that this case does not fall within any statutory provision for sanctions. The absence of statutory authority, however, is not determinative.

In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980), the United States Supreme Court recognized the inherent power of the federal courts to sanction counsel upon a finding that counsel had willfully abused the judicial process. The court cautioned that inherent powers must be exercised with restraint and caution. Sanctions should be imposed only after fair notice, an opportunity for a hearing on the record, and upon a finding that counsel's conduct constituted bad faith. 447 U.S. at 764-67.

The Supreme Court reiterated that federal courts possess inherent power to impose sanctions for bad faith conduct in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991). This inherent power is " 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " 501 U.S. at 43.

The Kansas Supreme Court has also recognized that

"[a] court has certain inherent powers it may exercise, those reasonably necessary for the administration of justice, provided these powers in no way contravene or are inconsistent with substantive statutory law. [Citations omitted.] Such inherent powers may be exercised as a means of enforcing obedience to a law which the court is called on to administer." *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 421, 625 P. 2d 1117 (1981).

In *Wilson*, the district court refused to permit an insurance company to depose the physician who had examined the plaintiff, as a sanction for the company's failure to comply with the provisions of

the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq*. On appeal, the Supreme Court affirmed the trial court decision as a proper exercise of its inherent authority since there was no statutory provision for sanctions in such a case.

Appellants contend that the district court's inherent power to impose sanctions should not be applied in this case because the case was over and there was nothing left for the district court to decide. No authority is cited to support this contention. Moreover, this contention ignores the fact that there was a legal question before the court: The sheriff's motion asked the court to determine whether a sheriff's deed should be issued upon presentation of an altered certificate of purchase. In addition, appellants' contention that the court was without power to do anything else in the case cannot be squared with appellants' later conduct in asking the court to enter orders setting aside the sale and extinguishing redemption rights. See *Chambers*, 501 U.S. at 56.

Appellants also contend the district court's order was not a proper exercise of its inherent powers because sanctioning appellants did not protect the efficient and orderly administration of justice, nor did it serve any interest of the court. This contention is not well taken. The procedure set forth in K.S.A. 60-2410 for selling real property under execution could not be administered in an efficient and orderly fashion if any party could unilaterally alter the sheriff's certificate of purchase.

Appellants' third contention is that, because the district court ordered the sanction paid to the State, the sanction was really an unauthorized criminal fine. Appellants also contend that the amount of the sanction was improper because it bore no relation to the sheriff's actual costs. Similar contentions were rejected in *Eash v. Riggins Trucking, Inc.*, 757 F. 2d 557, 565-66 (3d Cir. 1985)(en banc), a case cited in appellants' brief.

For all these reasons, we conclude that under the circumstances of this case the district court possessed inherent power to sanction counsel for bad faith conduct.

There are, however, two problems with the district court's action in this case. First, the district court sanctioned Shapiro & Reid and Richard L. Reid on its own motion without notifying them or

Klenda, Mitchell, Austerman & Zuercher of its intent to do so. Under the *Roadway* decision, it is clear that before a court exercises its inherent power to sanction an attorney, it must provide fair notice and an opportunity for a hearing on the record. 447 U.S. at 766-67. See also *Glass v. Pfeffer*, 657 F. 2d 252, 257-58 (10th Cir. 1981), *overruled on other grounds Cox v. Flood*, 683 F. 2d 330 (10th Cir. 1982). Second, the district court failed to make a specific finding that either Richard L. Reid or another employee of Shapiro & Reid acted in bad faith in altering the certificate of purchase. The Supreme Court made clear in *Roadway* that a specific finding as to whether counsel's conduct constituted bad faith "would have to precede any sanction under the court's inherent powers." 447 U.S. at 767.

The order of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.