No. 81,523

In the Matter of KERRY D. HOWLETT, *Respondent.*

(969 P.2d 890)

Opinion filed December 11, 1998.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Kerry D. Howlett,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Respondent Kerry D. Howlett, an attorney admitted to the practice of law in the state of Kansas, whose business address is in Kansas City, Kansas.

The facts are not disputed. Respondent did not file exceptions to the hearing panel's report. Under Rule 212(c) and (d) (1998 Kan. Ct. R. Annot. 236), the report is deemed admitted.

The complaint against Respondent charges him with violations of the Model Rules of Professional Conduct (MRPC) 5.5 (engaging in the unauthorized practice of law) (1998 Kan. Ct. R. Annot. 373) and MRPC 8.4 (misconduct) (1998 Kan. Ct. R. Annot. 386).

The panel unanimously found by clear and convincing evidence:

"2. On December 6, 1996, Respondent was suspended for one year by the Kansas Supreme Court for violating a number of the Model Rules of Professional Conduct [*In re Howlett,* 261 Kan. 167 (1996)]. The conduct which led to the Respondent's felony conviction occurred on December 9, 1996. On that date, Respondent agreed to handle a probate case for an individual by the name of Robert White of Olathe, Kansas. Respondent accepted a fee from Mr. White for $1000 to handle an estate case. This conduct occurred three days after Respondent had been suspended from the practice of law and was in direct violation of the Supreme Court opinion suspending Respondent from the practice of law.

"3. On January 20, 1998, Respondent entered a guilty plea to Felony Theft in Case No. 97-CR-449 in the District Court of Johnson County, Kansas. Respondent was sentenced March 10, 1998, to a term of seven months' imprisonment and granted probation.

"4. On January 20, 1998, Respondent entered a guilty plea to False Impersonation in violation of K.S.A. 21-3824. This offense was a misdemeanor. Respondent

was sentenced on March 10, 1998, to a term of six months in the county jail and was granted probation.

"5. According to the transcript of the hearing in which Respondent entered his plea of guilty to non-person felony theft and misdemeanor false impersonation, Respondent acknowledged the following facts as true:

" 'On December 6th of 1996, the defendant, Kerry Howlett, was suspended from the practice of law for one year by the Kansas Supreme Court after a disciplinary proceeding was filed. Howlett was given proper notice according to the statutory requirement of the suspension. On January 21, of 1997, Special Investigator, Dave Wood, of the Kansas Office of the Disciplinary Administrator contacted a Mr. Robert White of Olathe, Kansas. White stated that on December 9, 1996, three days after Howlett had been suspended, Mr. White met with Howlett at his law office in Kansas City, Kansas. Howlett agreed to handle a probate case for White involving the accidental death of Mr. White's father. Howlett told White the fee would be $1000. White reported that on December 12, 1996, he met with Howlett at his residence - "his" being White's residence - in Olathe, Johnson County, Kansas, and gave Howlett a check, number 3239, drawn on Mr. White's bank account in the amount of $1000 for legal expenses pending the probate case that he believed Howlett was handling for him. At that time, White believed Howlett was a licensed to practice practicing attorney in the State of Kansas. Based upon Howlett's representations, Mr. White was unaware that Howlett had been suspended from the practice of law until he was contacted by Mr. Wood in January. Mr. Howlett never filed any papers on behalf of Mr. White's father's estate, nor did he return any of the money, the $1000, that he claimed were fees for that case.'

"6. The Disciplinary Administrator sent Respondent a copy of the formal complaint and notice of the hearing to be held in this disciplinary matter by regular mail and certified mail, return receipt requested. The regular mail was not returned to the Disciplinary Administrator. The certified mail was returned to the Disciplinary Administrator, marked as unclaimed after three presentations to Respondent's last known address . . . .

"7. Respondent did not respond to the formal complaint or the notice of hearing sent as described in paragraph 5, above, nor did he appear at this hearing in person or by counsel."

The panel noted several aggravating factors, including prior disciplinary offenses, a pattern of misconduct, and dishonest or selfish motive. There were no mitigating factors. The panel recommended prompt disbarment.

During oral argument, Mr. Hazlett noted that there are currently 16 additional cases pending against Respondent. Most of those cases involve clients who simply seek the return of their files.

Respondent admitted in oral arguments that he in fact received the formal complaint and the notice of hearing, but chose not to attend the hearing. Respondent did not take exception to any portion of the hearing panel's report and stated that he knew that disbarment was the probable result of his felony conviction. He did request, however, that this court date his disbarment from the date of his suspension, December 6, 1996.

With very few exceptions, this court has imposed either suspension or disbarment as a sanction when an attorney has been convicted of a felony offense. See *In re Nelson*, 255 Kan. 555, 563, 874 P.2d 1201 (1994) (citing numerous cases of attorney sanctions following felony convictions). Here, the respondent was already suspended when he committed the felony offense. Thus, our course is clear. Respondent must be disbarred.

We hold that the findings and conclusions of the hearing panel are supported by clear and convincing evidence. After a careful review of the record, this court accepts the recommendation of the disciplinary panel that respondent be disbarred. The date of disbarment will be effective as of the date of respondent's suspension, December 6, 1996.

IT IS THEREFORE ORDERED that Respondent Kerry D. Howlett be and he is hereby disbarred from the practice of law in the state of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the date of disbarment will be effective as of December 6, 1996.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Kerry D. Howlett from the roll of attorneys licensed to practice law in the state of Kansas, and that Respondent forthwith shall comply with Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246).

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and the costs herein be assessed to the Respondent.