No. 88,402

In the Matter of CHRISTOPHER E. LUCAS, *Respondent*.

(46 P.3d 558)

Opinion filed May 31, 2002.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and was on the formal complaint for the petitioner.

*Christopher E. Lucas* appeared pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Christopher E. Lucas, of Overland Park, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges that the respondent violated this court's order of suspension and violated KRPC 5.5 (2001 Kan. Ct. R. Annot. 424) (unauthorized practice of law).

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on November 8, 2001, in the hearing room of the office of the Disciplinary Administrator, Topeka, Kansas. Respondent appeared in person pro se. The panel found, by clear and convincing evidence, that:

"1. . . . The Respondent was admitted to the practice of law in the state of Kansas on October 1, 1993. Following an earlier disciplinary case, the Respondent was suspended from the practice of law in the state of Kansas on July 14, 2000, for a period of two years.

"2. On July 17, 2000, John W. Karr received a traffic citation in the city of Leawood, Kansas. That same day, shortly after receiving the ticket, Mr. Karr provided the ticket to the Respondent's legal assistant. On previous occasions, Mr. Karr retained the Respondent to negotiate the reduction of traffic tickets to 'nonmoving' violations. On this occasion, Mr. Karr asked the Respondent's legal assistant to have the Respondent again provide this service.

. . . .

"5. Following [the Respondent's] suspension, the Respondent 'transferred' his files to Anthony Totta. The Respondent 'believed' that he transferred Mr. Karr's case to Mr. Totta. However, he never provided Mr. Totta with Mr. Karr's ticket.

"6. The Respondent failed to notify Mr. Karr, the Leawood Municipal Prosecutor, and the Leawood Municipal Court of his suspension.

"7. On September 18, 2000, the Respondent noticed that Mr. Karr's ticket was set on the attorney plea docket. The Respondent called Mr. Totta's office to make sure that Mr. Totta would be making the appearance for Mr. Karr. However, Mr. Totta was out of town.

"8. The Respondent proceeded to the Leawood Municipal Court. The Respondent approached the clerk, identified himself as an attorney, and indicated that he wanted to make a payment on his client, Mr. Karr's traffic citation. Elena Casas, Clerk of the Municipal Court, verified with the Respondent that he was the attorney of record. Additionally, Ms. Casas twice asked the Respondent whether he wanted to meet with the municipal prosecutor. The Respondent declined. The Respondent paid a fee of $65.00 for Mr. Karr's traffic citation.

. . . .

"10. On October 12, 2000, the Respondent spoke to Disciplinary Investigator David Wood. The Respondent admitted that he told the Clerk of the Municipal Court that he was an attorney. Additionally, the Respondent admitted that he put 'attorney' after his name on the check used to pay the fine because at the time he was still a licensed Missouri attorney. Finally, the Respondent told Investigator Wood that he believed that he could give legal counsel in Kansas, even after being suspended, because he did not get compensated for the legal work.

"11. On October 19, 2000, the Johnson County District Attorney charged the Respondent with false impersonation, in violation of K.S.A. 21-3824, by unlawfully and willfully representing himself to be a person licensed to practice or engage in a profession for which a license is required by the laws of the state of Kansas.

"12. Thereafter, on April 18, 2001, the Respondent entered into a 'Diversion Agreement' with the Johnson County District Attorney. In the agreement, the Respondent agreed to pay the costs of the action, pay a diversion fee, and perform 120 hours of community service work. The diversionary period is twelve months."

## The panel made the following conclusions of law:

"3. When a lawyer 'engage[s] in conduct involving dishonesty, fraud, deceit or misrepresentation,' a lawyer has engaged in professional misconduct as proscribed by KRPC 8.4(c).

"4. Kan. Sup. Ct. R. 202 provides that:

'A certificate of conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. **A diversion agreement, for the purposes of any disciplinary proceeding, shall be deemed a conviction of the crimes originally charged.'**

*Id.* (emphasis added). Based upon the Diversion Agreement, and pursuant to Kan. Sup. Ct. R. 202, the Respondent is deemed 'convicted' of falsely impersonating a lawyer. Because committing that crime necessarily requires that the Respondent 'engage[d] in conduct involving dishonesty, fraud, deceit or misrepresentation,' the Hearing Panel concludes that the Respondent violated of KRPC 8.4(c).

"5. The Respondent also violated KRPC 8.4(c) when he failed to inform Mr. Karr, the Municipal Prosecutor, and the Municipal Court that he was suspended from the practice of law.

"6. KRPC 5.5 provides that '[a] lawyer shall not . . . practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.' *Id.*

"7. K.S.A. 8-2118(b) provides as follows:

'Prior to the time specified in the notice to appear, a person charged with a traffic infraction may enter a written appearance, waive right to trial, plead guilty or no contest and pay the fine for the violation as specified in the uniform fine schedule in subsection (c) and court costs provided by law. Payment may be made by mail or in person and may be by personal check. The traffic citation shall not have been complied with if a check is not honored for any reason, or if the fine and court costs are not paid in full. When a person charged with a traffic infraction makes payment without executing a written waiver of right to trial and plea of guilty or no contest, the payment shall be deemed such an appearance, waiver of right to trial and plea of no contest.'

*Id.* Based upon K.S.A. 8-2118, by paying the ticket for Mr. Karr, the Respondent entered a plea of no contest to the charge for Mr. Karr.

"8. In this case, the Respondent was suspended from the practice of law on July 14, 2000. During the following week, on July 17, 2000, the Respondent, through his legal assistant, accepted the legal representation of a traffic case from Mr. Karr and entered his appearance as attorney of record for Mr. Karr. Furthermore, on September 18, 2000, at the time the Respondent went to the Leawood Municipal Court, the Respondent identified himself as an attorney, wrote 'attorney' next to his name [on] the check, and entered a plea in his client's behalf. Accordingly, the Hearing Panel concludes that the Respondent practiced law when his license to do so was suspended, in violation of KRPC 5.5."

The panel applied the ABA Standards for imposing lawyer sanctions and considered ABA Standard 3 in making its recommendation as to the discipline to be imposed against the respondent.

The panel found one aggravating factor: "Prior Disciplinary Offenses. The Respondent is currently suspended from the practice of law for having violated KRPC 8.4(c). *See In re Lucas*, 269 Kan. 785, 7 P.3d 1186 (2000)." The panel found several mitigating circumstances, including:

"Absence of Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Imposition of Other Penalties or Sanctions. In this case, the Respondent entered into a diversion agreement for false impersonation. The diversion agreement

requires that the Respondent pay the costs associated with the criminal action and diversion and perform 120 hours of community service work.

"Remorse. Clearly, at the hearing on this matter, the Respondent expressed genuine remorse for engaging in the misconduct."

In addition to the above-cited factors, the panel has thoroughly examined and considered Standard 8.3(a). That Standard provides, in pertinent part:

"Reprimand is generally appropriate when a lawyer negligently violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession."

The panel further noted:

"However, Kan. Sup. Ct. R. 218(c) provides that '[v]iolation of any suspension order shall constitute grounds for disbarment.' Id. In reaching its recommendation for discipline in this case, the Hearing Panel considered the purpose of Kan. Sup. Ct. R. 218(c). It seems that disbarment is the appropriate sanction for attorneys who purposefully continue to practice law after having been suspended or disbarred by the Kansas Supreme Court. That is not the case here. In this case, the Respondent did practice law after he was suspended. In his own mind, however, he attempted to avoid practicing law."

The panel then concluded its recommendation as follows:

"Based upon the above findings of fact, conclusions of law Standard 8.3(a), and Kan. Sup. Ct. R. 218, the Hearing Panel unanimously recommends that Respondent be suspended from the practice of law until July 13, 2002, as previously ordered. However, the Respondent's failure to contemporaneously recognize that he 'practiced law' by entering a plea in his client's behalf, is somewhat troubling to the Hearing Panel. Accordingly, the Hearing Panel further recommends that the Respondent be required to undergo a reinstatement hearing. See Kan. Sup. Ct. R. 219. At the reinstatement hearing, the Respondent should be required to establish that he . . . is able to handle the responsibilities of practicing law."

The court, having considered the record herein and the reports of the hearing panel, concurs in the findings, conclusions, and recommendation of the panel.

IT IS THEREFORE ORDERED that Christopher E. Lucas be suspended from the practice of law in the State of Kansas until July 13, 2002, the date his current 2-year suspension ends, in accordance with Supreme Court Rule 203(a)(2) (2001 Kan. Ct. R. Annot. 224).

IT IS FURTHER ORDERED that respondent shall be subject to all of the reinstatement requirements, including a hearing as provided by Supreme Court Rule 219 (2001 Kan. Ct. R. Annot. 285).

IT IS FURTHER ORDERED that respondent fully comply with Supreme Court Rule 218 (2001 Kan. Ct. R. Annot 276), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.