No. 91,009

In the Matter of TROY L. DAUGHERTY, *Respondent.*

(83 P.3d 789)

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Troy L. Daugherty,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Troy L. Daugherty, of Kansas City, Missouri, an attorney admitted to the practice of law in Kansas on September 20, 1990. The alleged misconduct arises from two client complaints filed with the Disciplinary Administrator's office, DA 8341 and DA 8427. Both complaints allege the misconduct occurred while respondent was representing the respective clients, Elizabeth A. Mann and Gaye Lynn Manning, in divorce proceedings commenced in May and September 2000.

The formal complaint filed by the Disciplinary Administrator involving these two cases alleged respondent violated KRPC 1.1 (2003 Kan. Ct. R. Annot. 324) (competence); KRPC 1.3 (2003 Kan. Ct. R. Annot. 336) (diligence); KRPC 1.4 (2003 Kan. Ct. R. Annot. 349) (communication); KRPC 1.5 (2003 Kan. Ct. R. Annot. 362) (fees); and KRPC 8.4(g) (2003 Kan. Ct. R. Annot. 464) (professional misconduct). The underlying facts found by the panel concerning these alleged violations are summarized as follows:

*Elizabeth A. Mann Complaint (DA 8341)*

Respondent began representing Mann in her divorce action in May 2000. This was a highly contested divorce and initially respondent provided Mann with diligent representation and adequate communication. On October 12, 2000, opposing counsel, Ann Hansbrough, commenced a second round of discovery which included additional interrogatories and requests for document production. Respondent received and reviewed these requests.

At the disciplinary hearing, Mann and respondent disagreed as to whether she received the second set of discovery requests. The panel carefully reviewed all the evidence presented on this point and concluded that respondent did not provide her with a copy.

On December 6, 2000, Hansbrough still had not received the requested discovery and sent respondent a letter to that effect. When respondent failed to reply, Hansbrough filed a follow-up motion to compel, and thereafter Hansbrough and respondent agreed the requested discovery would be provided by January 15, 2001. The parties memorialized their agreement in a proposed journal entry signed by the district court on January 17, 2001. Respondent, however, failed to notify his client, Mann, of her obligation to complete the discovery.

On February 13, 2001, Hansbrough sent respondent another letter requesting the discovery and expressing her intent to seek sanctions for nonproduction. Respondent received and reviewed the letter, but failed to notify or otherwise discuss the matter with Mann. On February 20, 2001, Hansbrough filed the motion for sanctions and a hearing was set for March 16, 2001. Neither respondent nor Mann appeared at the hearing. Respondent testified he never received the motion or notice of hearing. However, evidence in the record, including a confirmed fax report supplied by Hansbrough and respondent's own billing records, indicate otherwise.

As a result of respondent's failure to attend the hearing, Mann received an order to appear and show cause why she should not be held in contempt of court and sanctioned for her failure to comply with the discovery order. The show cause hearing was scheduled for April 4, 2001. After being served with this order, Mann contacted respondent who assured her he would provide her with the discovery requests by March 31, 2001. After he failed to do so, Mann terminated respondent's representation, paid her account balance, and picked up her case file.

Mann and her new attorney, Donna Manning, appeared at the April 4, 2001, show cause hearing. Mann explained that she was unaware of the discovery request until served with the show cause order and produced the requested discovery. That same day the

district court sent respondent a letter inviting him to express, in writing, any reason why he should not reimburse Hansbrough for $704 in fees she billed for her efforts to obtain the requested discovery. Respondent did not respond as suggested and did not pay Hansbrough's fees until March 2003.

Although Mann terminated respondent on April 3, 2001, respondent continued to bill against her account on 12 separate occasions dating from April 4, 2001, until October 26, 2001. Included in these charges were amounts totaling $750 for respondent's time spent responding to the disciplinary complaint Mann filed with the Administrative Disciplinary Commission of the Missouri Supreme Court. Respondent's records also reflect he "credited" her account $831.93 in April 2002.

At the hearing respondent testified that he did not intend for Mann to be billed for his response to the disciplinary complaint. He explained he tracks all his time and that the bill was sent inadvertently. The panel noted inconsistencies in respondent's explanation and found his "self-serving, inconsistent testimony to be disingenuous."

### Complaint of Gaye Lynn Manning (DA8427)

In September 2000, respondent began representing Gaye Lynn Manning in her divorce action. In this case, the issues were also contentious, and the client was initially satisfied with respondent's representation and level of communication. Regarding a May 21, 2001, scheduled hearing, Manning grew concerned that respondent was not adequately preparing her case; ultimately, she was dissatisfied with respondent's representation. Following this hearing, which ordered the division and sale of real estate, the district court instructed respondent to prepare the journal entry within 10 days. Respondent failed to do so. Thereafter, Manning contacted the respondent about the status of the journal entry as she felt it was necessary to effect the sale of the marital residence. Respondent never complied with Manning's request for information. On June 18, 2001, and July 6, 2001, opposing counsel also inquired as to the status of the divorce, and likewise, respondent failed to respond.

Respondent's records indicate he began drafting the journal entry on July 20 and "finalized" it on July 31. However, he failed to provide a copy of it to either his client or opposing counsel. On August 23, 2001, opposing counsel made a written request for a copy of the journal entry, and respondent did not respond. Eight days later, Manning sent respondent a letter documenting the chronology of events concerning the journal entry and respondent's failure to complete same. She also informed respondent that he should box up her files for pick up as she planned on obtaining a new attorney. Again, respondent failed to respond. He did not file a motion to withdraw and, in September 2001, he refused to turn over the client's files to her mother when she arrived at his office to pick them up.

Because the journal entry had not been forthcoming from the respondent, opposing counsel set a status conference with the district court for October 4, 2001, and provided respondent with a notice of the conference. Respondent failed to inform the client of the status conference, but appeared himself on her behalf despite having been terminated. He provided the court and opposing counsel with the journal entry he had drafted.

On October 15, 2001, the client sent another request to respondent for her files and this time included a notarized statement directing him to release the files to her mother. Respondent complied. However, he continued to bill the client for services and expenses after he was terminated. He charged the client $400 for appearing at the October 4 status conference; approximately $30 for mailing a change of address and for expenses related to the disciplinary complaint; and $58.75 for photocopying expenses. At the disciplinary hearing herein, respondent agreed to "write off" any remaining balance on the client's account.

### The Hearing Panel's Conclusions of Law

In the final hearing report, the panel presented its conclusions of law as follows:

"1.   The Formal Complaint included allegations that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.5, and KRPC 8.4(g). It is appropriate to consider violations not included in the Formal Complaint under certain cir-

cumstances. The law, respective of this issue, was thoroughly examined in *State v. Caenen,* 235 Kan. 451, 681 P.2d 639 (1984), as follows:

'Supreme Court Rule 211(b) [2003 Kan. Ct. R. Annot. 260] requires the formal complaint in a disciplinary proceeding to be sufficiently clear and specific to inform the respondent of the alleged misconduct.

'The seminal decision regarding the applicability of the due process clause to lawyer disciplinary proceedings is found in *In re Ruffalo,* 390 U.S. 544, 20 L. Ed. 2d 117, 88 S. Ct. 1222, *reh. denied* 391 U.S. 961 (1968). There the United States Supreme Court held that a lawyer charged with misconduct in lawyer disciplinary proceedings is entitled to procedural due process, and that due process includes fair notice of the charges sufficient to inform and provide a meaningful opportunity for explanation and defense.

'Decisions subsequent to *Ruffalo* have refined the concept of due process as it applies to lawyer disciplinary hearings, and suggest that the notice to be provided be more in the nature of that provided in civil cases. The weight of authority appears to be that, unlike due process provided in criminal actions, there are no stringent or technical requirements in setting forth allegations or descriptions of alleged offenses. [Citation omitted.] Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the State is not required to plead specific rules, since it is the factual allegations against which the attorney must defend. [Citation omitted.] However, if specific rules are pled, the State is thereafter limited to such specific offenses. [Citation omitted.]

'Subsequent to the *Ruffalo* decision, the due process requirements in lawyer disciplinary proceedings have been given exhaustive treatment by this court. In *State v. Turner,* 217 Kan. 574, 538 P.2d 966 (1975), 87 A.L.R.3d 337, the court summarized prior Kansas and federal precedent on the question, including *Ruffalo,* and held in accordance with established precedent that the State need not set forth in its complaint the specific disciplinary rules allegedly violated [citation omitted], nor is it required to plead specific allegations of misconduct. [Citation omitted.] What is required was simply stated therein:

" ' "We must conclude that where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom. . . .

. . . .

" ' "It is not incumbent on the board to notify the respondent of charges of specific acts of misconduct as long as proper notice is given of the basic factual situation out of which the charges might result." ' *State v. Turner,* 217 Kan. at 579-80."

235 Kan. at 458-59 . . . . Thus, only when the Formal Complaint alleges facts that would support findings of violations of the amendments, will considering additional violations be allowed. In this case, the Formal Complaint contains sufficient facts to support a finding that the Respondent violated KRPC 1.16. *See*

¶ 17 of the Formal Complaint. Thus, in the opinion of the Hearing Panel, it is appropriate to consider whether the Respondent violated KRPC 1.16.

"2.     Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' *Id.* Regarding Ms. Manning, the Respondent should have timely completed the Journal Entry and forwarded the same to counsel for approval. In the event opposing counsel failed to approve or timely object, the Respondent should have filed the Journal Entry with the Court, pursuant to Kan. Sup. Ct. R. 170. Thus, the question becomes whether the Respondent's failure to provide appropriate representation in this regard amounts to incompetence or a lack of diligence. The Hearing Panel believes that the Respondent possesses the necessary legal knowledge and skill to prepare and file the Journal Entry. Accordingly, the Hearing Panel concludes that the Respondent's failure in this regard, while recognizing that it is a close call, does not amount of a lack of competence. As such, the Hearing Panel concludes that the Respondent did not violate KRPC 1.1.

"3.     Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Ms. Mann and to Ms. Manning. Regarding Ms. Mann, the Respondent failed to provide her with diligent representation when he failed to work on the answers to the second request for discovery. It was ultimately the Respondent's responsibility to ensure that responses to discovery requests were provided in a timely fashion. In representing Ms. Manning, the Respondent failed to diligently prepare a Journal Entry, memorializing the May 21, 2001, hearing. Because the Respondent failed to act with reasonable diligence and promptness in representing his clients, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4.     KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.* In this case, the Respondent violated KRPC 1.4(a) in his representation of Ms. Mann and in his representation of Ms. Manning. Specifically, the Respondent failed to inform Ms. Mann that a second set of discovery requests had been propounded; the Respondent failed to provide Ms. Mann with a copy of the discovery requests; the Respondent failed to inform Ms. Mann that he had received a motion to compel discovery; the Respondent failed to inform Ms. Mann that he had agreed to an order compelling her to comply with the discovery requests by January 15, 2001; the Respondent failed to inform Ms. Mann that he had received a motion for sanctions; and the Respondent failed to inform Ms. Mann that the motion for sanctions was scheduled for March 16, 2001. Additionally, regarding his representation of Ms. Manning, the Respondent failed to respond to requests for information regarding the status of the journal entry from Ms. Manning. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. '[A] lawyer . . . where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged.' KRPC 1.16(a)(3). On August 31, 2001, Ms. Manning fired the Respondent. Despite the fact that the Respondent had been terminated, the Respondent failed to file a motion to withdraw and, in fact, appeared in Ms. Manning's behalf at an October 4, 2001, hearing. The Hearing Panel concludes that, therefore, the Respondent violated KRPC 1.16(a)(3).

"6. The Formal Complaint also contained allegations that the Respondent violated KRPC 1.5 [fees] and KRPC 8.4(g) [engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law]. While the Hearing Panel is concerned that the Respondent issued bills to Ms. Mann and Ms. Manning for time he spent after he was terminated from their representation, including time that he spent responding to the ethics complaints, the Hearing Panel concludes that the provisions of KRPC 1.5 are inapplicable to the situation. Additionally, because the Respondent testified that the bills were sent inadvertently, the Hearing Panel concludes that clear and convincing evidence was not presented to establish that the Respondent violated KRPC 8.4(g). Accordingly, the Hearing Panel concludes, as a matter of law, that the Respondent did not violate KRPC 1.5 and KRPC 8.4(g)."

To warrant a finding of misconduct, the charges must be established by clear and convincing evidence. Supreme Court Rule 211(f) (2003 Kan. Ct. R. Annot. 264); *In re Harris*, 261 Kan. 1063, 1066, 934 P.2d 965 (1997). In sum, the panel concluded respondent violated KRPC 1.3 and 1.4, as to each of the clients and 1.16 only as to Manning. The panel further concluded respondent did not violate KRPC 1.1, 1.5, or 8.4(g).

A hearing panel's report is deemed admitted under Rule 212(c) and (d) (2003 Kan. Ct. R. Annot. 270) when a respondent fails to file exceptions. *In re Howlett*, 266 Kan. 401, 969 P.2d 890 (1998); accord *In re Juhnke*, 273 Kan. 162, 168-79, 41 P.3d 855 (2002). In this case, respondent filed no exceptions to the panel's final hearing report. We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. Further, we adopt the panel's findings and conclusions.

### *Panel's Recommended Discipline*

At the hearing, the Disciplinary Administrator argued that respondent should receive a 6-12-month suspension. The respondent argued that "if any sanction would be appropriate, it would be an admonition." In its final hearing report, the hearing panel unani-

mously recommended unpublished censure as the appropriate discipline.

The panel found six aggravating factors present: (1) Prior disciplinary offenses—on April 4, 2003, the Missouri Supreme Court Region IV disciplinary committee informally admonished respondent for his misconduct in representing three clients, including Mann and Manning; (2) Pattern of misconduct; (3) Multiple offenses; (4) Refusal to acknowledge wrongful nature of conduct; (5) Vulnerability of the victims; and (6) Substantial experience in the practice of law based on the 15 years respondent had been practicing at the time the offenses occurred (initially admitted to practice of law in Illinois in 1985). The panel also found one mitigating factor present: absence of a dishonest or selfish motive.

The recommendation of the panel as to sanctions to be imposed shall be advisory only and shall not prevent the court from imposing discipline greater or lesser than that recommended by the panel or Disciplinary Administrator. Rule 212(f).

The respondent wasted a great deal of the time of his clients, the courts, and opposing counsel. Clients in contested divorce proceedings, especially involving child custody disputes, need expeditious resolution of the issues in order that they may get on with their lives. Respondent's wholly unjustified delays in completing relatively simple tasks and in not responding to his clients' inquiries made already difficult situations worse and more stressful. As noted by the panel, respondent, at the hearing, refused to acknowledge most of his wrongdoing. A minority of the court would accept the panel's recommended discipline of unpublished censure. The majority of the court concludes that published censure is the appropriate discipline.

IT IS THEREFORE ORDERED that the respondent, Troy L. Daugherty, be censured in accordance with Supreme Court Rule 203(a)(3) (2003 Kan. Ct. R. Annot. 226) for the violations found herein.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of this action be assessed to respondent.