(95 P.3d 646)
No. 91,609

In the Matter of the Marriage of ISRAEL A. ADUGNA, *Petitioner/ Appellee,* and DERIB ADUGNA, *Respondent,* SCOTT WASSERMAN, *Non-party Appellant.*

Opinion filed August 6, 2004.

*Justin Palmer,* of Scott Wasserman & Associates, LLC, of Shawnee Mission, and *Kathryn S. Barker,* of the same firm, of Lenexa, for non-party appellant Scott Wasserman.

*Marilyn K. Slezak,* of Olathe, for appellee.

Before MARQUARDT, P.J., MALONE, J., and ERIC S. ROSEN, District Judge, assigned.

MARQUARDT, J.: Scott Wasserman, former counsel for Derib Adugna, appeals the trial court's order that he pay $500 of the fees owed to Marilyn Slezak, Israel A. Adugna's attorney. We reverse.

Wasserman represented Derib in a divorce action. At the close of the trial on May 20, 2003, the trial court ordered Wasserman to prepare the decree.

During the following 2 weeks, Slezak made several calls to Wasserman attempting to obtain the decree. Israel needed the signed decree to obtain a loan to refinance her home. On June 6, 2003, Wasserman told Slezak that he would have the decree for her by June 9. However, on June 9 Slezak had not received the decree.

On June 12, 2003, Slezak delivered a draft of the decree to Wasserman's office and asked Wasserman to sign it. Wasserman told Slezak that he would not sign the decree until Derib approved it. Wasserman faxed the decree to Derib for approval. The next day, after obtaining Derib's approval, Wasserman provided Slezak with the signed decree. The decree was filed on June 13, 2003.

Slezak filed a motion for sanctions requesting the trial court to award her attorney fees against Wasserman for the additional work she incurred in the preparation and filing of the decree. At the hearing on Slezak's motion, Wasserman disputed the factual allegations contained in the motion and requested an evidentiary hearing. Wasserman's request for a hearing was denied and he was ordered to pay Slezak $500.

Wasserman moved the court to reconsider its order and grant an evidentiary hearing, which was denied. Attorney Justin Palmer appeared on Wasserman's behalf and argued for a stay of the judgment pending the appeal. Slezak orally moved for additional attorney fees. All of these motions were denied by the trial court.

The judge pro tem stated:

"I'm not finding Mr. Wasserman in contempt on Ms. Slezak's motion. I know I said motion for sanctions. I don't even know that what I've done has risen to a sanction, if you will. As that term is sometimes used in law. I'm not finding Mr. Wasserman—I'm not imposing a penalty on Mr. Wasserman. Rather, I'm reallocating this initial cost that was imposed on Mr. Wasserman, back to Mr. Wasserman."

Wasserman timely appeals.

Wasserman argues that the trial court had no jurisdiction to allocate costs of litigation to him when he was not a party to the divorce action. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Stough*, 273 Kan. 113, 116, 41 P.3d 281 (2002).

According to 60-1610(b)(4), the trial court has the authority to award costs and attorney fees to either party as justice and equity require. Further, the trial court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name in the same case. Wasserman contends that if Slezak wanted a judgment against him, she would have to bring an action naming

herself as plaintiff and Wasserman as defendant. He argues that the legislature has provided no other means for a judgment against him, absent a finding of contempt or a sanction.

K.S.A. 2003 Supp. 60-1610(b)(4) makes no mention of the trial court's power to order a nonparty attorney to pay attorney fees or costs. It is well established that when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. *State Dept. of Administration v. Public Employees Relations Bd.*, 257 Kan. 275, 291, 894 P.2d 777 (1995).

Slezak argues that the trial court has the inherent power to award fees against an attorney of record who fails or refuses to comply with the trial court's orders. In support of this argument, she cites *In re Daugherty*, 277 Kan. 257, 83 P.3d 789 (2004), and *Subway Restaurants, Inc. v. Kessler*, 266 Kan. 433, 970 P.2d 526 (1998), *cert. denied* 526 U.S. 1112 (1999). However, the facts of these two cases are factually distinguishable from the instant case.

*In re Daugherty* is an attorney discipline case wherein the trial court ordered Daugherty to pay the costs of his own disciplinary hearing. 277 Kan. at 264.

In *Kessler*, the trial court sanctioned an attorney for bringing a frivolous counterclaim in an action on behalf of his client. 266 Kan. at 433. However, there is nothing in *Kessler* indicating that the trial court has any authority to award attorney fees against an attorney who is not a party to the litigation beyond what is authorized under K.S.A. 2003 Supp. 60-211. *Kessler* does not support the proposition that the trial court had jurisdiction to award fees against Wasserman.

Even though the trial court's order might be classified as a sanction, it failed to make the required finding of bad faith. Before a court exercises its inherent power to sanction an attorney, it must provide fair notice, give that attorney an opportunity for a hearing on the record, and make a specific finding that the attorney acted in bad faith. *Knutson Mortgage Corp. v. Coleman*, 24 Kan. App. 2d 650, 654, 951 P.2d 548 (1997). In addition to stating that the award against Wasserman was not a sanction, the trial court spe-

cifically stated it was not certain that Wasserman's conduct rose to the level of a sanction.

Wasserman argues that if this court were to consider the trial court's order a sanction, the trial court erred by not giving him the required notice. He claims that the notice of hearing for the motion for sanctions did not provide him with notice of the trial court's intention to invoke its inherent power and sanction him. However, Wasserman provides no legal authority to support this claim. Consequently, this court need not consider this additional argument. See *Campbell v. City of Leavenworth*, 28 Kan. App. 2d 120, 126, 13 P.3d 917 (2000), *rev. denied* 270 Kan. 897 (2001).

Wasserman notes that if this court were to view the actions of the lower court as contempt, it could only be indirect contempt and would be subject to the procedural requirements of K.S.A. 2003 Supp. 20-1204a. Such requirements include a motion requesting an order for Wasserman to appear and show cause and specifically set out the facts of the alleged contempt. Here, no such motion was filed.

There is no language in K.S.A. 2003 Supp. 60-1610 that allows the trial court to order a nonparty attorney to pay the attorney fees of a party in a divorce proceeding. Without a sanction, the trial court did not have the authority to order Wasserman to pay Slezak's attorney fees.

Wasserman also argues that he was denied his due process rights because he was denied an evidentiary hearing on the record. Because we are reversing on other grounds, we will not address this issue.

Reversed.