No. 95,452

In the Matter of CHRISTOPHER E. LUCAS, *Respondent*.

(132 P.3d 914)

Opinion filed April 28, 2006.

*Frank D. Diehl*, assistant disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Christopher E. Lucas. At the time of the September 8, 2005, disciplinary hearing, the respondent was residing in the Winfield Correctional Facility, in Winfield, Kansas. He was admitted to the practice of law in the state of Kansas in 1993. On July 14, 2000, the Kansas Supreme Court suspended his license to practice law for 2 years. See *In re Lucas,* 269 Kan. 785, 7 P.3d 1186 (2000).

The formal complaint filed against the respondent alleged violations of KRPC 8.4(b) and (c) (2005 Kan. Ct. R. Annot. 504) (misconduct). A panel of the Kansas Board for Discipline of Attorneys conducted a formal hearing on September 8, 2005, and later prepared a report containing its findings of fact, conclusions of law, and recommendations for discipline. The respondent filed no exceptions to the hearing panel's report. We adopt the panel's findings, conclusions, and recommendations.

## SUMMARY OF FACTS

*Panel's uncontested facts*

On March 24, 2005, the respondent entered a guilty plea to two felony crimes in the District Court of Johnson County, Kansas. In case number 03CR2028, he entered a guilty plea to two counts of forgery, severity level 8 felonies. In case number 04CR758, he entered a guilty plea to theft, a severity level 7 felony. On July 8, 2005, the district court sentenced the respondent to 8 months in

prison on each count, to run concurrently. He began serving his sentence in the Winfield Correctional Facility.

*Additional facts regarding notice*

On September 8, 2005, the respondent participated in the formal hearing by telephone from the Winfield Correctional Facility. On October 28, 2005, an agent for the correctional facility signed a certified mail receipt accepting a copy of the final hearing report, a citation informing the respondent of his right to file exceptions to the report within 20 days with the Clerk of the Supreme Court, and a docketing notice informing him that his case would be heard by the Supreme Court on February 1, 2006.

On December 12, 2005, an agent for the correctional facility signed a certified mail receipt accepting a letter dated December 8 from the Clerk of the Supreme Court reminding the respondent that his case would be heard by the Supreme Court on February 1, 2006, at 9 a.m. It informed him of the requirement to appear before the court no later than 8:45 a.m. that day even if no exceptions had been taken to the final hearing report, but acknowledged that the attendance requirement would be waived if he remained incarcerated on February 1.

On January 30, 2006, the respondent was released from the correctional facility. He did not appear before this court on February 1 and provided no information regarding his absence.

## PANEL'S CONCLUSIONS OF LAW

Based upon the findings of fact, the hearing panel concluded, as a matter of law, that the respondent violated KRPC 8.4, as detailed below.

### KRPC 8.4(b)

"It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." KRPC 8.4(b). In this case, the respondent admitted he committed criminal acts, specifically, two counts of forgery and one count of theft. Forgery and theft are crimes of dishonesty. Accordingly, the hearing panel

concluded that the respondent committed criminal acts and those criminal acts reflect directly on the respondent's honesty and trustworthiness, in violation of KRPC 8.4(b).

### KRPC 8.4(c)

"It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." KRPC 8.4(c). The respondent engaged in conduct that involved dishonesty when he committed the crimes of forgery and theft. As such, the hearing panel concluded that the respondent violated KRPC 8.4(c).

## PANEL'S RECOMMENDATION

In making its recommendation for discipline, the panel considered factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions. Pursuant to Standard 3, the factors to be considered are the duties violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

On the subjects of Duties Violated and Mental State, the respondent intentionally violated his duty to maintain personal integrity.

On the subject of Injury, as a result of the respondent's misconduct, he caused actual injury to the legal profession.

On the subject of Aggravating Factors, several were present. Regarding Prior Disciplinary Offenses, the respondent has been previously disciplined on two occasions. On July 14, 2000, the Kansas Supreme Court suspended his license to practice law in the state of Kansas for a period of 2 years. In that case, the Supreme Court concluded that the respondent violated KRPC 1.15 and KRPC 8.4(c) for converting funds from his law firm to his personal use. See *In re Lucas*, 269 Kan. 785.

While the respondent remained under the 2-year suspension, he engaged in additional misconduct. Thereafter, on May 31, 2002, the Kansas Supreme Court concluded that he violated KRPC 5.5 (2005 Kan. Ct. R. Annot. 488) and KRPC 8.4(c). Based on these violations, the court added the requirement that prior to reinstate-

ment, the respondent comply with Kansas Supreme Court Rule 219 (Kan. Ct. R. Annot. 327) and undergo a reinstatement hearing. See *In re Lucas*, 273 Kan. 1010, 46 P.3d 558 (2002).

In regard to Dishonest or Selfish Motive, dishonesty and selfishness are necessary factors of forgery and theft. Therefore, the hearing panel concluded that the respondent's conduct was motivated by dishonesty and selfishness.

Regarding a Pattern of Misconduct, the respondent has engaged in a pattern of misconduct that began in 1995. During that time, he has repeatedly engaged in conduct that involves dishonesty and misrepresentations. First, he stole money from his law partners. Second, he provided false information to the Leawood Municipal Court regarding his status as an attorney. Finally, he committed the felony offenses of forgery and theft. The hearing panel found the respondent's pattern of misconduct troubling.

Regarding Illegal Conduct, the respondent engaged in illegal conduct when he committed the crimes of forgery and theft.

Mitigating circumstances were also present. In regard to the Imposition of Other Penalties or Sanctions, other penalties and sanctions have been imposed against the respondent. Specifically, following his conviction, he was remanded to custody to serve a prison sentence.

Regarding Remorse, typically, remorse is considered a factor in mitigation when it is presented at the hearing on the formal complaint. Because the respondent appeared by telephone and the circumstances of his participation were unusual, it was difficult for the hearing panel to make any conclusions regarding his remorse. However, based upon a review of the exhibits presented, it appears that the respondent has expressed genuine remorse for the misconduct. Specifically, at his July 8, 2005, sentencing, the court noted that the remorse of defendant was present when the court considered a downward dispositional departure. Accordingly, the hearing panel concluded that the respondent's remorse is a mitigating factor in this case.

In addition to the above-cited factors, the hearing panel thoroughly examined and considered the following Standards:

"Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft." Standard 5.11.

Based upon the respondent's previous discipline and the pattern of dishonest conduct, the Deputy Disciplinary Administrator recommended that the respondent be disbarred. The respondent suggested that while he would like to retain his "bar card," he would leave the recommendation to the hearing panel.

Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommended that the respondent be disbarred from the practice of law in the state of Kansas. Additionally, the hearing panel concluded that costs should be assessed against him in an amount to be certified by the office of the Disciplinary Administrator.

## DISCUSSION

To warrant a finding of misconduct, the charges must be established by clear and convincing evidence. Supreme Court Rule 211(f) (2005 Kan. Ct. R. Annot. 287); *In re Rathburn*, 275 Kan. 920, 929, 69 P.3d 537 (2003). A hearing panel's report is deemed admitted under Rule 212(c) and (d) (2005 Kan. Ct. R. Annot. 297) when a respondent fails to file exceptions. *In re Boaten*, 276 Kan. 656, 663, 78 P.3d 458 (2003).

In the present case, since the respondent filed no exceptions to the panel's report, we conclude that the panel's findings of fact are supported by clear and convincing evidence and that the facts established support the panel's conclusions of law that respondent violated KRPC 8.4(b) and (c). We therefore adopt the panel's findings, conclusions, and recommended discipline of disbarment.

Stated more specifically, when an attorney has been convicted of a felony offense, this court, with very few exceptions, imposes either suspension or disbarment as a sanction. *In re Howlett*, 266 Kan. 401, 403, 969 P.2d 890 (1998); see also *In re Nelson*, 255 Kan. 555, 563, 874 P.2d 1201 (1994) (citing several cases of attorney sanctions following felony convictions). Moreover, the respondent previously had been suspended from the practice of law for 2 years

and was given a Rule 219 hearing requirement because of subsequent misconduct. Despite adequate notice, he also failed to appear before this court on February 1, 2006, or otherwise offer the court any explanation for his conduct or reasons why he should not be disbarred.

IT IS THEREFORE ORDERED that Christopher E. Lucas be, and he is hereby, disbarred from the practice of law in the state of Kansas, that his privilege to practice law in the state of Kansas is hereby revoked, and that the Clerk of the Appellate Courts of Kansas strike the name of Christopher E. Lucas from the roll of attorneys licensed in the state of Kansas.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs herein be assessed to the respondent.