No. 94,801

In the Matter of TARAK A. DEVKOTA, *Respondent.*

(123 P.3d 1289)

Opinion filed December 9, 2005.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for petitioner.

*Shaun P. Kenney*, of Kenney & Guilfoil, L.L.C., of Kansas City, argued the cause for respondent, and *Tarak A. Devkota*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against Tarak A. Devkota, an attorney licensed to practice law in the state of Kansas since 2001. Respondent's last registration address with the Clerk of the Appellate Courts is in Kansas City, Missouri.

A hearing panel of the Kansas Board for the Discipline of Attorneys concluded that respondent violated KRPC 1.3 (2004 Kan. Ct. R. Annot. 354) (diligence), KRPC 3.4(d) (2004 Kan. Ct. R. Annot. 449) (failure to make reasonably diligent effort to comply with pretrial discovery request), and KRPC 8.4(c) (2004 Kan. Ct. R. Annot. 485) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). The panel unanimously recommended published censure. Respondent did not file exceptions to the final hearing report.

## FINDINGS OF FACT

The underlying facts found by the panel concerning these violations are summarized as follows:

On October 10, 2002, respondent entered his appearance as substitute counsel for the defendants, Joey Lutes, Virtual Wow, Inc., and Todd Gordanier, in a copyright case pending in the United States District Court for the District of Kansas.

On October 14, 2002, the plaintiffs served respondent with their first requests for production of documents and interrogatories. The

responses were due November 18, 2002; however, respondent did not provide the requested discovery by that date, nor did he request additional time to respond.

On November 22, 2002, plaintiffs' counsel sent respondent a "Golden Rule" letter requesting responses to the discovery. Respondent did not respond to the letter. Plaintiffs' counsel called respondent several times in early December 2002. Respondent did not return the calls until December 16, 2002, when he left a message for plaintiffs' counsel. The next day, plaintiffs' counsel sent respondent a letter via facsimile requesting that the discovery responses be provided by December 18, 2002. Respondent called plaintiffs' counsel and informed her the defendants "would begin to respond" to the discovery requests on December 18, 2002, but did not state when they would be served.

On December 18, 2002, the plaintiffs filed a motion to compel discovery. United States Magistrate Judge David J. Waxse granted the motion on January 10, 2003, and ordered the defendants to respond to the discovery requests within 10 days of the date of the order, making the discovery responses due no later than January 27, 2003. Respondent did not provide the discovery responses to plaintiffs' counsel until January 30, 2003, or January 31, 2003.

The respondent signed his clients' names to their interrogatory answers. The signatures did not indicate that someone other than the clients had signed the answers. Further, respondent had his receptionist, a notary public, knowingly and fraudulently verify that the signatures were genuine. Fed. R. Civ. Proc. 33 expressly provides that interrogatories shall be answered "in writing under oath, . . . signed by the person making them."

Later, during the deposition of Lutes and Virtual Wow on March 14, 2003, Lutes testified that the notarized signature on his interrogatory answers was not his. He testified that while he did not direct respondent to sign his name, he did tell him to do whatever was necessary to provide the discovery responses.

After this, respondent did not obtain proper signatures from Lutes or Gordanier, despite having sufficient time to do so after Lutes' deposition and before Gordanier's deposition, which was scheduled for March 17, 2003. Further, he did not inform plain-

tiffs' counsel before Gordanier's deposition that the signature on Gordanier's answers to the interrogatories did not belong to Gordanier. During Gordanier's deposition, he testified that the notarized signature on his answers to the interrogatories was not his, but that of the respondent. He testified that he specifically instructed respondent to sign the interrogatories for him.

The plaintiffs subsequently filed a motion for default judgment based, in part, on the contention that the defendants had submitted untimely interrogatory answers which bore false signatures. The defendants had until April 10, 2003, to file a response in opposition to the motion, however, respondent did not file a response until April 16, 2003.

On May 9, 2003, Judge Kathryn Vratil ordered the defendants to provide interrogatory answers that had been personally subscribed to and sworn. Additionally, Judge Vratil directed the Clerk of the District Court to send copies of the order to the Kansas Disciplinary Administrator and the Missouri Secretary of State.

The case was ultimately settled in July 2003. The settlement included a judgment against the defendants, but the financial terms of the settlement were confidential.

The hearing panel then concluded as follows:

### "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that Respondent violated KRPC 1.3, KRPC 3.4(d), and KRPC 8.4(c), as detailed below.

"2. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mr. Lutes, Mr. Gordanier, and Virtual WOW when he failed to timely respond to discovery requests and when he failed to timely respond to motions. Because the Respondent failed to act with reasonable diligence and promptness in representing Mr. Lutes, Mr. Gordanier, and Virtual WOW, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3. Lawyers are required to be fair to the opposing party and counsel. See KRPC 3.4(d). Specifically, '[a] lawyer shall not . . . in pretrial procedure, . . . fail to make [a] reasonably diligent effort to comply with a legally proper discovery request by an opposing party.' Id. The Respondent received the requests for discovery on October 14, 2002. The Respondent did not file a request for additional time nor did he provide responses to the requests for discovery within the 30 days provided by federal rule. On December 18, 2002, opposing counsel filed

a motion to compel discovery. The Respondent did not file a response to the motion nor did he provide responses to the requests for discovery. On January 10, 2003, the Court issued an order compelling discovery. The Court ordered the Respondent to provide responses to the requests for discovery on or before January 27, 2003. The Respondent provided responses to the requests for discovery on January 30, 2003 (or January 31, 2003). Because the Respondent failed to make a reasonably diligent effort to respond to requests for discovery, the Hearing Panel concludes that the Respondent violated KRPC 3.4(d).

"4. It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). In this case, the Respondent engaged in conduct involving dishonesty when he signed his clients' names to the answers to interrogatories and prevailed upon his legal assistant to verify that the false signatures were genuine. The Hearing panel concludes that the Respondent violated KRPC 8.4(c)."

In making its recommendation as to the appropriate discipline to be imposed, the panel's reasoning is reproduced in part as follows:

### "AMERICAN BAR ASSOCIATION STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his client to provide diligent representation. Additionally, the Respondent violated his duty to the legal system to timely comply with reasonable discovery requests. Finally, the Respondent violated his duty to the legal profession to maintain personal integrity.

"*Mental State.* The Respondent negligently violated his duty to his clients. Further, the Respondent knowingly violated his duty to the legal system. Finally, the Respondent knowingly violated his duty to the legal profession.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury. As a direct result of the Respondent's misconduct, the plaintiffs' attorney fees increased, the Court wasted valuable time compelling the defendants to comply with the requests for discovery, and the trial in the case was delayed because discovery was not timely completed.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Dishonest or Selfish Motive. Signing his clients' names to the answers to interrogatories without any indication that someone other than his clients signed the documents, constitutes a dishonest act.

"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct by (1) signing his clients' names to the answers to interrogatories, (2) repeatedly failing to timely respond to motions, and (3) failing to timely comply with court orders.

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 3.4(d), and KRPC 8.4(c). As such, the Respondent engaged in multiple offenses of the Kansas Rules of Professional Conduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 2001. The Missouri Supreme Court admitted the Respondent to practice law in 1999. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for just over 3 years. Accordingly, the Hearing Panel concludes that Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

. . . .

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be indefinitely suspended. The Respondent recommended that the Respondent be privately reprimanded. Kan. Sup. Ct. R. 203(a) sets forth the types of discipline imposed in Kansas. Private reprimand is not a type of discipline imposed in Kansas. The Hearing Panel assumes that counsel for the Respondent's recommendation for a private reprimand would be either a censure, not published in the Kansas Reports or an informal admonition.

"While the Hearing Panel does not believe that the Respondent's misconduct rises to the level of requiring a suspension, the Hearing Panel does believe public discipline is warranted in this case. Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court. The Hearing Panel further recommends that the censure be published in the Kansas Reports.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## ANALYSIS

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the

parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003); see also Supreme Court Rule 211(f) (2004 Kan. Ct. R. Annot. 275) (misconduct to be established by clear and convincing evidence).

The respondent did not file any exceptions to the panel's final report. A hearing panel's final report is deemed admitted under Supreme Court Rule 212(c) and (d) (2004 Kan. Ct. R. Annot. 285) when a respondent fails to file exceptions. *In re Daugherty*, 277 Kan. 257, 263, 83 P.3d 789 (2004) (citing *In re Howlett*, 266 Kan. 401, 969 P.2d 890 [1998] and *In re Juhnke*, 273 Kan. 162, 41 P.3d 855 [2002]). Further, respondent essentially admitted all of the factual findings at the hearing before the panel. We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law, and we adopt the same.

At the hearing before this court, the office of the Disciplinary Administrator recommended 3 months' suspension. After careful consideration, we accept the panel's recommended discipline of published censure as the appropriate discipline herein.

IT IS THEREFORE ORDERED THAT Tarak A. Devkota be and he is hereby censured in accordance with Supreme Court Rule 203(a)(3) (2004 Kan. Ct. R. Annot. 237) for violations of KRPC 1.3, KRPC 3.4(d), and KRPC 8.4(c).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the Respondent and that this order shall be published in the official Kansas Reports.

DAVIS, J., not participating.

LOCKETT, J., Retired, assigned.