No. 97,219

In the Matter of MICHAEL E. LAZZO, *Respondent.*

(150 P.3d 887)

Opinion filed February 2, 2007.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*John J. Ambrosio,* of Topeka, argued the cause for respondent, and *Michael E. Lazzo,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator against respondent, Michael E. Lazzo, an attorney who was admitted to the practice of law in Kansas.

A disciplinary panel of the Kansas Board for Discipline of Attorneys conducted a formal hearing, as required by Kansas Supreme Court Rule 211 (2006 Kan. Ct. R. Annot. 284). The respondent appeared in person and with his attorney. In its final hearing report, the panel found that respondent had violated Kansas Rules of Professional Conduct (KRPC) 3.3(d) (2006 Kan. Ct. R. Annot. 467) (duty of candor in ex parte proceeding) and 8.4(d) (2006 Kan. Ct. R. Annot. 510) (engaging in conduct prejudicial to administration of justice). The panel unanimously recommended that the respondent be censured by this court and that the censure be published in the Kansas Reports. The respondent did not file exceptions to the final hearing report.

The hearing panel made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1.    Michael E. Lazzo (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 13022. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Wichita, Kansas . . . . The Respondent was admitted to the practice of law in the state of Kansas on September 30, 1986.

"2. In 1998, Paul Arabia leased an office in his building to Michael E. Lazzo. Mr. Arabia and the Respondent were not partners nor were they associated in the practice of law.

"3. In 1998, Mr. Arabia became acquainted with Reynaldo Charles. Mr. Charles eventually worked as a legal assistant in Mr. Arabia's law office. Additionally, Mr. Arabia employed Mr. Charles to do household repairs on Mr. Arabia's homes in Wichita, Kansas, and in Mexico.

"4. In 1998, Mr. Arabia drafted a name change petition in behalf of Mr. Charles. However, the petition was not filed in court.

"5. In 2000, officials in Adams County, Colorado, charged Mr. Charles with sexual assault on a child while in a position of trust, a class III felony, and sexual assault on a child, a class IV felony. Mr. Arabia conferred with Mr. Charles' public defender, Mandarin Bowers, regarding Mr. Charles' case. Thereafter, Mr. Arabia recommended to Mr. Charles that he accept the offer of a plea agreement and enter a plea of guilty to attempted sexual assault on a child, a class V felony. [Footnote: In addition to the 2000 criminal case, Mr. Charles had previously been convicted of a misdemeanor and four felonies—third degree assault, sexual assault of a child while in a position of trust, sexual offense against a child (fondling), incest with a minor, and sexual assault pattern of abuse.]

"6. On September 1, 2000, Mr. Charles entered a plea of guilty to attempted sexual assault on a child. Following his plea, Mr. Charles was free on bond. Mr. Arabia was aware that Mr. Charles entered the guilty plea. Additionally, Mr. Arabia was aware of the requirements and consequences of Mr. Charles' conviction. The Court scheduled Mr. Charles' sentencing hearing for November 29, 2000.

"7. Prior to the sentencing hearing, Mr. Charles left the state of Colorado and returned to Wichita, Kansas, and to the employment of Mr. Arabia. Mr. Charles failed to appear at the sentencing hearing and the Court issued a warrant for Mr. Charles' arrest. Mr. Charles remained a fugitive for an extended period of time.

"8. In April, 2001, Mr. Arabia prepared and Mr. Charles signed a statement that the pending criminal matters in Colorado had been resolved to Mr. Charles' satisfaction.

"9. In May, 2002, Mr. Arabia prepared a second petition for change of name for Mr. Charles. Rather than list his name as attorney of record, Mr. Arabia prepared the documents for the Respondent's signature. The petition provided that Mr. Charles' name would be changed to Jose Javier Soto. Mr. Charles executed an affidavit in support of the petition. Mr. Arabia provided the prepared documents to the Respondent and asked that he complete the filing. Mr. Arabia explained to the Respondent that Mr. Charles wanted to adopt his grandmother's name.

"10. At the time that Mr. Arabia asked the Respondent to complete the filing of the name change, the Respondent knew that Mr. Charles had previously been facing criminal charges involving allegations of child sexual abuse. The Respondent did not verify that Mr. Charles' criminal case had been resolved. The Re-

spondent assumed that Mr. Charles' criminal case had been resolved because Mr. Charles had returned to Kansas.

"11. On May 28, 2002, the Respondent filed the name change case in behalf of Mr. Charles, in the Sedgwick County District Court, case number 02C-1839. [Footnote: At the time the Respondent filed the name change case, the Adams County, Colorado, warrant for Mr. Charles' arrest remained pending.] The petition and the affidavit filed to change Mr. Charles' name included the following statement: 'that the change of name requested, when granted by the court, will not hinder, delay, or defraud Petitioner's creditors or defeat other legal obligations.'

"12. On July 3, 2002, the Respondent personally provided the Honorable Richard T. Ballinger of the Sedgwick County District Court, a journal entry relating to Mr. Charles' name change case. At the time he provided the journal entry to Judge Ballinger, the Respondent did not inform the Court of Mr. Charles' criminal case in Colorado. In relying on the representations contained in the petition, affidavit, and journal entry, the Court granted Mr. Charles' petition and changed his name to Jose Javier Soto.

"13. The Respondent did not conduct any investigation into the facts included in the petition. He never discussed the matter with his client, Mr. Charles, nor did he discuss the contents of the petition, affidavit, or journal entry with Mr. Charles or Mr. Arabia. The Respondent had no contact with Mr. Charles regarding the name change.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 3.3(d) and KRPC 8.4(d), as detailed below.

"2. KRPC 3.3(d) provides:

'In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.'

In this case, the Respondent filed pleadings to change Mr. Charles' name. Based upon the Respondent's failure to inform the Court of material information as to Mr. Charles' conviction which was known to the Respondent, the Hearing Panel concludes that the Respondent violated KRPC 3.3(d).

"3. 'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). In this case, the Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he filed the pleadings in Mr. Charles' name change case and presented the journal entry to the court without disclosure of Mr. Charles' criminal conviction. Mr. Charles should never have had his name legally changed. Because the Respondent failed to inquire about the status of Mr. Charles' criminal proceedings before filing the pleadings concerning the name change and failed to inquire about the status of Mr. Charles' criminal proceedings prior to the *ex parte* hearing with

the district court judge, and because the Respondent did not notify the district court judge that Mr. Charles had been charged with a felony, the Court changed Mr. Charles' name to Mr. Soto. Mr. Charles' name change impacted directly on the administration of justice. Officials from Colorado were unable to locate Mr. Charles, at least in part, because the Respondent assisted Mr. Charles in changing his name. As such, the hearing Panel concludes that the Respondent violated KRPC 8.4(d)."

## RECOMMENDED DISCIPLINE

The panel then discussed the appropriate discipline to be imposed herein and made its recommendations as follows:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the legal system to refrain from abusing legal process.

"*Mental State*. The Respondent negligently violated his duties.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury to the administration of justice—assisting a fugitive in remaining at large for a period of nearly 4 years.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1986. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 16 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Absence of Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the

Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Wichita, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by the testimony of witnesses and by several letters received by the Hearing Panel.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Reprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and cause injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.' Standard 6.13

'Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.3."

. . . .

"The Deputy Disciplinary Administrator recommended that if the Hearing Panel concludes that the Respondent acted with knowledge, then the Respondent be suspended for a period of three months. On the other hand, the Deputy Disciplinary Administrator recommended that if the Hearing Panel concludes that the Respondent acted negligently, then the Respondent be censured and that the censure be published in the Kansas Reports. Counsel for the Respondent argued that the Respondent's misconduct does not warrant suspension and recommended that the Respondent be informally admonished or, at the most, censured.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be censured by the Kansas Supreme Court. The Hearing Panel further recommends that the censure be published in the Kansas Reports."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of the KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467

(2005); see also Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284) (misconduct to be established by clear and convincing evidence).

The respondent filed a statement with the clerk stating he does not take exception to the panel's final report. Therefore, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2006 Kan. Ct. R. Annot. 295); *In re Devkota*, 280 Kan. 650, 655, 123 P.3d 1289 (2005).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. We adopt the panel's findings of fact and conclusions of law.

Clearly, a significant factor in the panel's recommended discipline was its determination that respondent's violations arose from negligence rather than intentional misconduct. We accept the panel's determination in this regard. We conclude the recommended discipline of published censure is appropriate under the facts herein.

IT IS THEREFORE ORDERED that Michael Lazzo be and he is hereby censured in accordance with Supreme Court Rule 203(a)(3) (2006 Kan. Ct. R. Annot. 243).

IT IS FURTHER ORDERED that this opinion be published in the Kansas Reports and that the costs of these proceedings be taxed to respondent.

ALLEGRUCCI, J., not participating.
LOCKETT, J., Retired, assigned.