No. 97,528

In the Matter of THOMAS E. GACKLE, *Respondent.*

(153 P.3d 493)

Opinion filed March 16, 2007.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator against the respondent, Thomas E. Gackle, an attorney admitted to the practice of law in Kansas in 1992. His most recent address registered with the Clerk of the Appellate Courts is Plymouth, Michigan.

A panel of the Kansas Board for Discipline of Attorneys held a hearing on the formal complaint on September 19, 2006. The respondent stipulated and the panel found that respondent had violated Kansas Rules of Professional Conduct (KRPC) 8.4(a) (2006 Kan. Ct. R. Annot. 510) (professional misconduct) and 8.4(b) (committing a criminal act). The panel recommended the discipline of indefinite suspension, retroactive from October 13, 2005. The respondent has filed no exceptions to the final hearing report.

The hearing panel made the following findings of fact and conclusions of law.

"FINDINGS OF FACT

"2. On October 9, 1987, the Missouri Supreme Court admitted the Respondent to practice law. On April 24, 1992, the Kansas Supreme Court admitted the Respondent to the practice of law. The Respondent primarily practiced law in Missouri.

"3. From the summer of 1998, through the fall of 2000, the Respondent viewed, collected, and possessed adult and child pornography.

"4. On October 19, 2000, Dianna J. Lord, the Respondent's employee, opened a locked storage trunk in a storage locker used by the Respondent to store excess business supplies and documents. Inside the trunk, Ms. Lord discovered pictures of nude children. Ms. Lord delivered the trunk to agents of the Federal Bureau of Investigation. Later, the Respondent consented to a search of the trunk by the FBI agents.

"5. Also in October, 2000, Ms. Lord discovered child pornography on the Respondent's computer.

"6. On May 23, 2001, the FBI agents sought and obtained the Respondent's consent to search his law office, located in Independence, Missouri. During the search, the FBI agents examined the Respondent's computer. An analysis of the hard drive from the Respondent's computer by a computer specialist-forensic examiner revealed that numerous images of child pornography had been deleted from the computer. The deleted images could not be retrieved from the hard drive. In addition to the deleted images, the FBI Agents located twelve images of child pornography that remained on the Respondent's computer's hard drive.

"7. After the investigation was complete, prosecutors from the United States Attorney's Office for the Western District of Missouri, and counsel for the Respondent reached an agreement regarding the resolution of the investigation. As a result, the Respondent entered into a diversion agreement for unlawfully possessing child pornography, a felony crime.

"8. The Respondent successfully completed the terms and conditions of the diversion agreement.

"9. . . . Ms. Lord filed complaints with the attorney disciplinary authorities in Kansas and in Missouri. Following a lengthy period of investigation, on February 1, 2006, the Missouri Supreme Court suspended the Respondent's license for a period of six months.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(a) and KRPC 8.4(b), as detailed below.

"2. Kan. Sup. Ct. R. 202 provides that '[a] final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.' Based upon the Respondent's stipulation to the facts alleged in the Disciplinary Administrator's Formal Complaint, the evidence presented at the hearing, including Disciplinary Administrator's Exhibits 5, 6, and 7, and pursuant to Kan. Sup. Ct. R. 202, the Hearing Panel concludes that the Respondent engaged in misconduct and violated KRPC 8.4(a) and KRPC 8.4(b).

"3. Kan. Sup. Ct. R. 202 [2006 Kan. Ct. R. Annot. 240] also provides that:

'A certificate of a conviction of an attorney for any crime or of a civil judgment based on clear and convincing evidence shall be conclusive evidence of the commission of that crime or civil wrong in any disciplinary proceeding instituted against said attorney based upon the conviction or judgment. A diversion agreement, for the purposes of any disciplinary proceeding, shall be deemed a conviction of the crimes originally charged.'

Accordingly, pursuant to Kan. Sup. Ct. R. 202, the Respondent's participation in the diversion program is deemed a conviction of possession of child pornography, a felony crime.

"4.  KRPC 8.4 provides, in pertinent part, as follows:
'It is professional misconduct for a lawyer to:
(a)   Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another.
(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4.
In this case, the Respondent admitted he possessed child pornography and he entered into a diversion agreement which, pursuant to Kan. Sup. Ct. R. 202, is deemed a conviction of possessing child pornography. Furthermore, the Respondent stipulated that he violated KRPC 8.4(a) and KRPC 8.4(b). Finally, pursuant to Kan. Sup. Ct. R. 202, the documents from the Missouri Supreme Court conclusively establish that the Respondent violated KRPC 8.4(a) and KRPC 8.4(b). Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(a) and KRPC 8.4(b)."

In making its recommendation as to the appropriate discipline to be imposed, the panel stated the following:

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.
"*Duty violated.* The Respondent violated his duty to maintain personal integrity.
"*Mental State.* The Respondent intentionally violated his duty.
"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual harm to the legal profession.
"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:
"A Pattern of Misconduct. The Respondent engaged in a pattern of misconduct by possessing child pornography over an extended period of time.
"Refusal to Acknowledge Wrongful Nature of Conduct. While the Respondent acknowledged his misconduct and while he attempted to accept responsibility for his actions, the respondent minimized his misconduct by first blaming a friend that introduced him to pornography, second, by blaming his vindictive employee, and third, by blaming his attorney. The Hearing Panel concludes that the Respondent failed to accept full responsibility for his actions.
"Illegal Conduct. Possessing child pornography is a felony crime. Accordingly, the Hearing Panel concludes that the Respondent engaged in serious illegal conduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. The Respondent has not previously been disciplined.

"Remorse. At the hearing on the Formal Complaint, the Respondent attempted to express remorse for engaging in the misconduct. However, the Respondent's remorse fell short when he continued to blame his friend for introducing him to pornography, his vindictive employee, and his attorney.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.' Standard 5.12.

. . . .

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the state of Kansas. The Hearing Panel further recommends that the date of the suspension be retroactive to October 13, 2005, when the Respondent was suspended for failing to pay the annual attorney registration fee. Finally, the Hearing Panel recommends that, should the Respondent seek reinstatement, at the hearing held pursuant to Kan. Sup. Ct. R. 219, he be required to establish that he has been reinstated in the state of Missouri."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2006 Kan. Ct. Annot. 284) (misconduct to be established by clear and convincing evidence).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. In so doing, we note:

First: Respondent stipulated he had violated KRPC 8.4(a) and (b) as alleged in the formal complaint.

Second: Respondent filed no exceptions to the final hearing report. Therefore, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2006 Kan. Ct. R. Annot. 295); *In re Devkota,* 280 Kan. 650, 655, 123 P.3d 1289 (2005).

Third: Under Supreme Court Rule 202 (2006 Kan. Ct. R. Annot. 239), Missouri's final adjudication that the respondent violated the equivalent to KRPC 8.4(a) and (b) conclusively establishes that the respondent violated those provisions.

Fourth: Under Supreme Court Rule 202, the respondent's diversion constitutes a conviction of the felony crime of child pornography, thus establishing a violation of KRPC 8.4(b), which provides that it is professional misconduct to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. We note that the respondent contended before the panel that his criminal conduct did not adversely affect his professional duty to his clients. However, we recently held in *In re Laskowski,* 282 Kan. 710, 713-14, 147 P.3d 135 (2006), that although a conviction of a third-time felony DUI is not a breach of professional duty to a client, it violates KRPC 8.4(b) because it is a violation of the attorney's primary duty to the court and the bar, and it erodes the public confidence in the judicial system. See also *In re Ketter,* 268 Kan. 146, 992 P.2d 205 (1999), in which this court faced the question whether an attorney's misdemeanor conviction for lewd and lascivious behavior constituted a violation of KRPC 8.4(b). The court recognized that lewd and lascivious behavior may not always relate to the attorney's fitness to practice law, but stated that such a determination is to be made under the facts of each case. However, because the attorney in that case had a pattern of repeated instances of indecent exposure, his conduct reflected adversely on his fitness to practice law under KRPC 8.4(g) (engaging in any other conduct that adversely reflects on fitness to practice law). 268 Kan. at 154.

With respect to the discipline to be imposed, the panel's recommendation that the respondent be indefinitely suspended from the practice of law in the state of Kansas is advisory only and shall

not prevent the court from imposing discipline greater or lesser than that recommended by the panel or the disciplinary administrator. Supreme Court Rule 212(f) (2006 Kan. Ct. R. Annot. 295).

We agree with the panel that the appropriate discipline to be imposed herein is indefinite suspension with the additional condition that should respondent seek reinstatement pursuant to Rule 219 (2006 Kan. Ct. R. Annot. 327), he must establish that he has been reinstated to the practice of law in the state of Missouri. We disagree with the panel's recommendation that the date of indefinite suspension should be retroactive to October 13, 2005. Respondent's license to practice law in Kansas was suspended on that date for failure to pay the annual attorney registration fee. The 2005 suspension had nothing to do with the proceedings herein, as opposed to a temporary suspension pursuant to Supreme Court Rule 203 (2006 Kan. Ct. R. Annot. 243).

IT IS THEREFORE ORDERED that Thomas E. Gackle be indefinitely suspended from the practice of law, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2).

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.