No. 97,520

In the Matter of MICHAEL J. WAITE, *Respondent*.

(153 P.3d 517)

Opinion filed March 16, 2007.

*Frank D. Diehl,* deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Michael J. Waite,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator against the respondent, Michael J. Waite, of Leavenworth, an attorney admitted to the practice of law in Kansas in 1978.

A panel of the Kansas Board for Discipline of Attorneys held a hearing on the formal complaint on September 12, 2006. The respondent appeared pro se. In its final hearing report, the panel found that respondent had violated Kansas Rules of Professional Conduct (KRPC) 1.5 (2006 Kan. Ct. R. Annot. 401) (fees), KRPC 1.15 (2006 Kan. Ct. R. Annot. 435) (safekeeping property), and KRPC 1.16 (2006 Kan. Ct. R. Annot. 448) (terminating representation), as well as Kansas Supreme Court Rule 211(b) (2006 Kan. Ct. R. Annot. 284) (failure to file an answer to the formal complaint). The panel recommended the imposition of a 1-year suspension from the practice of law. The respondent did not file exceptions to the final hearing report.

## FACTS

The complaint herein arises from a contract in professional services to be rendered by respondent to James Jay Wright. The contract provides as follows:

### "ATTORNEY-CLIENT CONTRACT

"This Agreement, made this 22nd day of May 2003, by and between JAMES JAY WHITE, hereinafter referred to as Client, and MICHAEL J. WAITE, Attorney at Law, hereinafter referred to as Attorney:

"WITNESSETH: That for and in consideration of the mutual promises herein made by the parties hereto, it is mutually agreed as follows:

"1. That client hereby employs and retains said Attorney to defend Client on one criminal case involving the charge of Murder in the Second Degree in the District Court of Leavenworth County, Kansas.

"2. Attorney hereby accepts said retainer and employment and agrees to render diligent and faithful service in the premises to the best advantage and interest of the Client.

"3. Client agrees to pay Attorney, for his services to be rendered pursuant to said employment, the sum of $10,000.00. Said fee to be paid as follows:

    a) $1,000.00 down as partial retainer

    b) $500.00 per month for eighteen (18) months until $9,000.00 balance is paid in full.

    c) Said funds to be paid out of account # [account number deleted] Fort Leavenworth Credit Union.

Any additional fees to be determined at a later date.

"4. Client agrees to pay all actual necessary expenses incurred by Attorney in connection with Court action.

"5. Client also agrees to allow Attorney access to his account to pay any future expense of client. In particular, Attorney is allowed to retain and pay for the services of a private psychiatrist/psychologist for a competency and sanity exam.

"IN WITNESS WHEREOF, said parties have hereunder set their hands this 22nd day of May 2003.

"James Jay White, Client

"Michael J. Waite, Attorney"

The panel found that between May 22, 2003, and May 3, 2004, respondent withdrew $20,950 from the designated account of which he deposited $1,850 in the client's commissary account at his place of detention. After the client learned respondent had exceeded the $10,000 contract authorized withdrawals, he terminated the fee contract. Respondent then refunded $4,040 to the client. This left respondent with a net $14,860 from the client. No expenses have been claimed. The representation was terminated prior to trial or plea with minimal activity on respondent's part. The respondent testified that under the contract he was entitled to the $14,860. The panel concluded that $10,000 was the maximum fee to which respondent was entitled.

The panel made detailed and well-reasoned findings of fact and conclusions of law. Based thereon, the panel recommended a 1-

year suspension with the condition that restitution in the amount of $4,860 be paid to the client. Normally the final hearing report would be substantially reproduced in this opinion. However, because of an unusual subsequent development, little would be gained by its inclusion herein.

. Shortly before the February 1, 2007, hearing before this court, the following stipulation was filed by the parties:

### "STIPULATION

"The Office of Disciplinary Administrator and the Respondent enter into a Stipulation as follows:

"1.   The Hearing Panel of the Kansas Board for Discipline of Attorneys held a hearing on September 12, 2006.

"2.   The Hearing Panel submitted a Final Hearing Report finding that the Respondent violated KRPC 1.5, 1.15, and 1.16.

"3.   The Hearing Panel recommended that the Respondent be suspended from the practice of law for a period of one year.

"4.   The Respondent has taken no exceptions to the Final Hearing Report.

"5.   The Respondent has been disciplined by published censure, supervised probation and two informal admonitions previously.

"6.   The Petitioner and Respondent stipulate that they have held a discussion wherein the parties agree that indefinite suspension is a more appropriate sanction than the recommendation of the Hearing Panel and the parties agree to recommend indefinite suspension to this Court on February 1, 2007.

"7.   The Respondent and Petitioner stipulate that the Respondent has significant health problems which he must address and that a suspension of one year will be insufficient to address the health problems and insufficient to protect the public.

"8.   The parties stipulate that there are three other cases pending, none of which involve dishonesty or misuse of client money and the parties stipulate that an attempt will be made to resolve these three additional cases in an informal manner.

"9.   The Respondent and Petitioner are well aware that this Court is not bound by this Stipulation or by any other recommendation which may be made to this Court and that the Court will determine the appropriate discipline after consideration of all information submitted to the Court.

This Stipulation was entered into on this 24th day of January, 2007 and respectfully submitted to the Court.

"Frank D. Diehl, #09392
Deputy Disciplinary Administrator

"Michael J. Waite,#09763
Respondent"

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2006 Kan. Ct. R. Annot. 284) (misconduct to be established by clear and convincing evidence).

We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. Violations of KRPC 1.5, 1.15, and 1.16 as well as Supreme Court Rule 211 (b), as found by the panel, have been established. Further, respondent has filed no exceptions to the final hearing report. Therefore, the hearing panel's final report is deemed admitted. Supreme Court Rule 212(c) (2006 Kan. Ct. R. Annot. 295); *In re Devkota*, 280 Kan. 650, 655, 123 P.3d 1289 (2005).

As previously noted, the panel recommended the discipline of a 1-year suspension with the condition that respondent be required to make restitution to the client in the amount of $4,860. In the subsequent stipulation, the parties agree that indefinite suspension is the appropriate discipline. Recommendations as to the appropriate discipline to be imposed are advisory only, and the court may impose sanctions greater or lesser than the recommendations. Supreme Court Rule 212(f) (2006 Kan. Ct. R. Annot. 295).

We conclude that the appropriate discipline to be imposed is indefinite suspension with the condition that respondent must show that $4,860 in restitution has been paid to the client, James Jay White, before any application for reinstatement will be considered.

IT IS THEREFORE ORDERED that Michael J. Waite be indefinitely suspended from the practice of law, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2006 Kan. Ct. R. Annot. 243).

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (2006 Kan. Ct. R. Annot. 314), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.

DAVIS, J. not participating.
BUSER, J., assigned.