No. 70,551

IN THE MATTER OF KENT OWEN DOCKING, *Respondent.*

(869 P.2d 237)

Opinion filed March 4, 1994.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Chris Miller,* of Lawrence, argued the cause for respondent.

*Per Curiam:* This is an original uncontested attorney disciplinary proceeding. The parties stipulated to the following facts.

Kent Owen Docking is an attorney at law, Kansas attorney registration No. 12265, admitted to the Bar of the State of Kansas on September 20, 1985. His registration address with the clerk of the appellate courts of Kansas is 330 Brotherhood Building, Kansas City, Kansas 66101.

On June 4, 1986, three Korean nationals were each charged with two counts of aggravated kidnapping. Shortly after being charged, all three defendants retained the respondent to represent them in the criminal proceedings. Docking received a fee from each defendant.

Prior to the preliminary examination, Docking met with his clients on several occasions, sometimes with and sometimes without an interpreter. The three defendants were bound over for trial after the preliminary examination on June 18, 1986. On September 5, 1986, each defendant pleaded guilty to an amended charge of kidnapping, a Class B felony. On October 10, 1986, Judge Frederick Stewart heard motions filed by Docking on behalf of all three defendants to withdraw their pleas of guilty. The basis for the motions was that the defendants were unable to understand the "terms and conditions of the plea" because of a lack of understanding and communication between the interpreter and the defendants. Docking argued in support of the motions. The defendants did not testify. Judge Stewart denied defendants' motions to withdraw their pleas and sentenced each defendant to

the custody of the Secretary of Corrections for a minimum term of 10 years and a maximum term of 20 years. On February 27, 1987, the court heard motions filed by Docking on behalf of each defendant to modify the sentences. The court reduced the sentences to a minimum term of 5 years and a maximum term of 20 years.

On November 18, 1988, defendants filed K.S.A. 60-1507 motions alleging that they had been denied effective assistance of counsel by Docking. The 60-1507 hearing for the three defendants occurred on November 29, December 5, and December 6, 1988, before Judge Stewart.

Docking voluntarily appeared as a witness at the hearing. Although Docking requested the opportunity to consult with counsel during the course of the hearing, his request was denied. He testified at length, without the benefit of counsel during the hearing.

Judge Stewart noted that Docking undertook representation of the three defendants even though it was apparent that conflicts of interest existed among the positions of the three clients. The court observed that there was no evidence that the possible conflict of interest was explained to or waived by each of the clients.

Judge Stewart found that Docking did not have the experience or competence to represent clients charged with two counts of aggravated kidnapping, a Class A felony. The judge noted that Docking had no felony trial experience, had not previously handled a Class A or B felony, and had only been out of law school for one year. In addition, Docking did not remedy his lack of experience by associating with a Korean-speaking lawyer competent to handle the case. Although Docking had provided one interpreter for his clients, he did not ensure simultaneous translation during the criminal proceedings. He also had failed to properly investigate the case. A witness was known but was not sought or used in the trial. There was evidence that the statement given by one client could have been suppressed if a motion to suppress had been filed. Docking had erroneously advised his clients that if probation was not granted, the clients could withdraw their pleas. Docking then informed his clients that they had no right to appeal the denial of the motion to withdraw the pleas. He further advised his clients that a habeas corpus petition must

be filed in federal court by inmates without assistance of counsel. Finally, the judge found that although Docking was aware his clients were illegal aliens, he had failed at the sentencing hearing to request that his clients should not be deported.

At the conclusion of the 60-1507 hearing, the judge found that Docking had not provided his clients with reasonable effective assistance of counsel. The judge determined that the defendants' rights to a fair trial had been prejudiced by Docking's ineffective assistance. Judge Stewart vacated the sentences of the defendants and set aside their pleas of guilty. The three clients had been incarcerated for approximately two and one-half years. The State subsequently declined to reprosecute the defendants.

On October 21, 1990, a formal complaint was filed by the Disciplinary Administrator alleging that Docking had violated: DR 1-102(A)(4) (1993 Kan. Ct. R. Annot. 202) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice) and 1-102(A)(6) (engaging in other conduct that adversely reflects on his fitness to practice law); DR 5-105(A) (1993 Kan. Ct. R. Annot. 222) (failing to decline employment where the exercise of his independent professional judgment on behalf of a client would be or was likely to be adversely affected), 5-105(B) (continuing multiple employment when the exercise of his independent professional judgment on behalf of a client would be or was likely to be adversely affected by his representation of another client) and 5-105(C) (failing to fully disclose to each of the clients the effect of such representation on the exercise of his independent professional judgment on behalf of each client and obtain their consent to continued representation); DR 6-101(A)(1) (1993 Kan. Ct. R. Annot. 227) (handling a legal matter which he knew or should have known that he was not competent to handle, without association with a lawyer who was competent to handle it) and 6-101(A)(2) (handling a legal matter without preparation adequate in the circumstances); and DR 7-101(A)(2) (1993 Kan. Ct. R. Annot. 233) (failing to carry out a contract of employment entered into with a client for professional services) and 7-101(A)(3) (prejudicing or damaging his client during the course of the professional relationship). The matter was heard

before the Kansas Board for Discipline of Attorneys on January 6, 1993.

The parties presented the hearing panel with a stipulation that disposed of preliminary procedural issues and resolved any factual disputes. The parties agreed that Docking had violated DR 5-105(A) and DR 5-105(B) and DR 6-101(A)(1). The hearing panel made a preliminary finding that Docking had violated DR 5-105(A) and DR 5-105(B) and DR 6-101(A)(1).

The Disciplinary Administrator recommended the sanction of public censure based on ABA Standards for Imposing Lawyer Sanctions 4.33, Failure To Avoid Conflicts Of Interests, and 4.53, Lack of Competence, and the Disciplinary Administrator's belief that the sanction of public censure was appropriate and should be levied in this case. The ABA Standards cited by the Disciplinary Administrator are:

"4.33 Reprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client."

"4.53 Reprimand is generally appropriate when a lawyer:
(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or
(b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client."

The Disciplinary Administrator's office, in making its recommendation, also took into consideration the following factors in mitigation under ABA Standard 9.32:

"(a) absence of a prior disciplinary record;
. . . .
(f) inexperience in the practice of law."

No evidence of aggravating circumstances was offered by the Disciplinary Administrator.

Docking offered testimony in mitigation of his conduct. Docking admitted during the early years of his practice he was too inexperienced to defend a major felony case. Docking further acknowledged that he had failed to associate with an experienced criminal attorney to assist with the defense of three Korean nationals who, in turn, were poorly equipped to grasp the effect of potential conflicts of interest among themselves. Docking ac-

knowledged that public censure would be an appropriate discipline for his violation of the disciplinary rules in effect at the time of his misconduct.

The hearing panel adopted the stipulation of the parties, examined the exhibits, and considered the statement of respondent. The panel recommended that Kent Owen Docking be disciplined by public censure by the Supreme Court of Kansas and that the costs of this action be taxed to respondent.

Respondent filed no exceptions to the report of the panel.

The court, having considered the record herein and the report of the panel, and, after considering the mitigating factors, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Kent Owen Docking be, and he is hereby, disciplined by censure in accordance with Supreme Court Rule 203(a)(3) (1993 Kan. Ct. R. Annot. 162) for his violations of the Code of Professional Responsibility.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to respondent.

ABBOTT, J., concurring: I concur in the result. Respondent stipulated to certain violations and a recommendation of published censure. My concern is that the bench and bar will interpret the opinion as saying a recent law school graduate is not competent to handle a criminal case involving a felony and that a lawyer speaking an accused's primary language must be engaged as co-counsel. Such is not required. There may be felony cases that, due to unique facts or the severity of the crime charged, an inexperienced lawyer should not handle, but that would be the exception and not the rule.

It is not required that a recently admitted lawyer, or any other lawyer, associate with a lawyer speaking an accused's primary language. All that is required is that the lawyer be able to communicate with the client either personally or through an interpreter.