No. 96,888

In the Matter of KENT O. DOCKING, *Respondent.*

147 P.3d 139

Opinion filed December 8, 2006.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for petitioner.

*John J. Ambrosio*, of Topeka, argued the cause for respondent, and *Kent O. Docking*, respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against respondent, Kent O. Docking, an attorney admitted to the practice of law in Kansas in 1985 and registered in Kansas City, Kansas. The formal complaint alleged that Docking violated Kansas Rules of Professional Conduct (KRPC) 1.3 (2005 Kan. Ct. R. Annot. 369) (diligence); 1.4 (2005 Kan. Ct. R. Annot. 383) (communication); 1.15(a) (2005 Kan. Ct. R. Annot. 431) (safekeeping property); and 1.16(d) (2005 Kan. Ct. R. Annot. 444) (terminating representation).

A hearing panel convened on May 11, 2006, and Docking appeared in person. Docking admitted violating KRPC Rule 1.3, 1.4, 1.15(a), and 1.16(d). After hearing the testimony presented and reviewing the exhibits admitted into evidence, the hearing panel made the following findings of fact:

"2.  In October, 2003, Randa Vincent retained the Respondent to assist Ms. Vincent's mother, Roberta M. Rogg, with a voluntary conservatorship. Ms. Rogg is an elderly woman who suffered brain damage and lives on a fixed income.

"3.  The Respondent prepared documents to establish a voluntary conservatorship for Ms. Rogg. The Respondent forwarded the documents to Ms. Vincent, requested that she or her mother sign the documents, and forward payment of $1,565.50 to the Respondent for the attorney fees and the filing fee. According to the Respondent's letter of October 8, 2003, the attorney fees 'constitute 10 hours of my time at $150.00 per hour.'

"4.  Thereafter, Ms. Vincent and Ms. Rogg executed the documents. On October 27, 2003, Ms. Vincent returned the signed documents and a check, drawn on Ms. Rogg's checking account, in the amount of $1,565.00.

"5.   The Respondent did not deposit the $1,565.00 into his trust account. Rather, the Respondent deposited the $1,565.00 into his operating account. Furthermore, the Respondent failed to maintain complete records of his trust account.

"6.   On October 30, 2003, the Respondent filed a Voluntary Petition for Conservatorship in the Probate Division of the District Court of Wyandotte County, Kansas, in behalf of Ms. Rogg. Thereafter, the Court notified the Respondent that the forms he used were no longer acceptable to the Court. The Court provided the Respondent with sample forms to use.

"7.   According to the Respondent, he completed new forms and asked his secretary to contact Ms. Vincent and Ms. Rogg to sign the documents. While the Respondent testified that he drafted new documents, he presented no corroborating evidence to establish the fact. Regardless, the Respondent's secretary did not contact Ms. Vincent and Ms. Rogg — and they were never informed that new forms were required by the Court and needed to be signed.

"8.   Beginning in March, 2004, and continuing into February, 2005, Ms. Vincent attempted to contact the Respondent. Ms. Vincent left telephone messages for the Respondent. The Respondent failed to return Ms. Vincent's telephone calls.

"9.   On February 7, 2005, Ms. Vincent filed a complaint with the Disciplinary Administrator regarding the Respondent. Thereafter, John Duma, Chairman of the Wyandotte County Ethics and Grievance Committee appointed A.J. Stecklein to investigate the complaint filed by Ms. Vincent regarding the Respondent.

"10.   On Friday, February 25, 2005, Ms. Vincent received a letter from the Disciplinary Administrator's office, notifying her that her complaint had been docketed for investigation. That same day, the Respondent called her and asked about the representation. At that time, Ms. Vincent told the Respondent that her mother was no longer willing to allow a voluntary conservatorship to be established.

"11.   On March 14, 2005, the Respondent forwarded a written response to Ms. Vincent's complaint to Mr. Duma.

"12.   On June 5, 2005, Ms. Vincent wrote to the Respondent, terminated the representation, and requested a refund. The Respondent did not respond to Ms. Vincent's letter and did not provide a refund.

"13.   On June 20, 2005, Mr. Stecklein met with the Respondent regarding Ms. Vincent's complaint. During the meeting, the Respondent assured Mr. Stecklein that he would be refunding the amount paid by Ms. Vincent promptly. The Respondent did not do so.

"14.   On July 26, 2005, Mr. Stecklein wrote to the Respondent. In the letter, Mr. Stecklein reminded the Respondent that he previously indicated that he would be promptly returning the money paid by Ms. Vincent. Mr. Stecklein informed the Respondent that he visited with Ms. Vincent and she indicated that she had not received a refund. The Respondent did not respond to Mr. Stecklein's letter.

"15. On May 9, 2006, two days before the hearing on the Formal Complaint, the Respondent forwarded a check in the amount of $1,500.00 to Ms. Vincent. Ms. Vincent received the check on May 10, 2006."

Based on these findings, the hearing panel concluded that Docking violated KRPC Rules 1.3, 1.4(a), 1.15(a), and 1.16(d).

KRPC 1.3 provides that a "lawyer shall act with reasonable diligence and promptness in representing a client." (2005 Kan. Ct. R. Annot. 369). Docking violated KRPC 1.3 when he failed to provide diligent representation for Rogg and Vincent by timely preparing, executing, and filing the necessary documents for a voluntary conservatorship.

KRPC 1.4(a) requires a lawyer to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." (2005 Kan. Ct. R. Annot. 383.) Docking violated KRPC 1.4(a) when he failed to respond to Vincent's repeated telephone calls.

KRPC 1.15(a) mandates:

"A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state of Kansas. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation." (2005 Kan. Ct. Annot. 431).

Docking violated KRPC 1.15(a) when he failed to deposit the unearned fees he received from Vincent into his client trust account. Docking further violated KRPC 1.15(a) by failing to maintain complete records for his client trust account.

KRPC 1.16(d) provides:

"Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law." (2005 Kan. Ct. R. Annot. 444-45).

Docking violated KRPC 1.16(d) when he failed to protect his clients' interests by refunding the unearned fees.

The hearing panel further concluded that Docking knowingly violated his duty to provide diligent representation, adequate communication, and property protection. Docking's misconduct caused Rogg and Vincent to suffer serious injury because the window of opportunity for the voluntary conservatorship passed. Rogg no longer consented to a voluntary conservatorship and began hiding her money, preventing her family from assisting her with financial decisions.

In determining its recommendation for discipline, the hearing panel found the following aggravating and mitigating factors applicable:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on two occasions. On December 1, 1993, following a hearing before a Hearing Panel of the Kansas Board for Discipline of Attorneys, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 4.2, MRPC 8.4(a), and MRPC 8.4(d).

"On March 4, 1994, the Kansas Supreme Court censured the Respondent for having violated DR 5-105(A), DR 5-105(B), and DR 6-101(A)(1). The Court published the censure in the Kansas Reports and [it] can be found at 254 Kan. 921[, 869 P.2d 237] (1994).

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15(a), and KRPC 1.16(d). As such, the Respondent committed multiple offenses.

"Submission of False Evidence, False Statements, or Other Deceptive Practices During the Disciplinary Process. The Hearing Panel finds that the Respondent 'submitted false evidence, false statements or [engaged in] other deceptive practices during the disciplinary process' when he stated that he had not received notice that the complaint had been docketed prior to calling Ms. Vincent on February 25, 2005. As stated above, the Hearing Panel finds it unbelievable that the Respondent's call to Ms. Vincent was coincidental. The Respondent had had no contact with Ms. Vincent or Ms. Rogg since October, 2003.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1985. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 18 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

. . . .

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Personal or Emotional Problems if Such Misfortunes have Contributed to a Violation of the Kansas Rules of Professional Conduct. At the time Ms. Vincent and Ms. Rogg went to see the Respondent, the Respondent's father had died. During the time period following his father's death, the Respondent spent a great deal of time taking care of his father's estate and assisting his mother.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent cooperated in the disciplinary process by admitting the rule violations.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney. The Respondent is an active and productive member of the bar in Kansas City, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by three letters received by the Hearing Panel.

"Remoteness of Prior Offenses. The Respondent's prior offenses are remote in time and in character to the present offenses."

The Disciplinary Administrator recommended that Docking be suspended from practicing law for a short period of time. Docking requested an informal admonishment. The hearing panel recommended that Docking be suspended from practicing law for 90 days. In addition, the hearing panel recommended that Docking reimburse Rogg for the $65 filing fee and pay the statutory interest on his use of Rogg's $1,565 for 31 months.

Docking filed no exceptions to the hearing panel's report. On the day of oral argument before this court, the Disciplinary Administrator's officer received a check from Docking to Rogg for the sum of $492 to reimburse Rogg for the $65 filing fee and the statutory interest.

We conclude that the findings of the hearing panel are supported by clear and convincing evidence and adopt the findings and conclusions. The majority of this court adopts the recommendation of the hearing panel and further adopts the hearing panel's recommendation that Docking reimburse Rogg for the $65 filing fee and the statutory interest on the sum of $1,565 for the 31 months that Docking had use of Rogg's money.

IT IS THEREFORE ORDERED that respondent, Kent O. Docking, be and he is hereby suspended from the practice of law in the state of Kansas for a period of 90 days beginning from the date this opinion is filed in accordance with Supreme Court Rule 203(a)(2) (2005 Kan. Ct. R. Annot. 247) for his violations of the KRPC.

IT IS FURTHER ORDERED that respondent pay Rogg $65 for the filing fee that was not refunded and interest on the sum of $1,565 at the statutory judgment rate for a period of 31 months. On the condition that the check clears the bank, the check Docking tendered to the Disciplinary Administrator on the date of oral argument on behalf of Rogg is sufficient to satisfy this order.

IT IS FURTHER ORDERED that the costs of this action be assessed to respondent, and that this order be published in the official Kansas Reports.

LUCKERT, J., not participating.

LOCKETT, J., retired, assigned