No. 100,519

In the Matter of KENT O. DOCKING, *Respondent.*

(196 P.3d 1149)

Opinion filed December 5, 2008.

*Alexander M. Walczak,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* Disciplinary Administrator, was with him on the formal complaint for petitioner.

*Steven R. McConnell,* McConnell & McMahon, P.A., of Overland Park, argued the cause for respondent, and *Kent O. Docking,* respondent, argued the cause pro se.

*Per Curiam:* This is an uncontested disciplinary proceeding alleging that the respondent, Kent O. Docking, violated the Kansas Rules of Professional Conduct. Docking was suspended from the practice of law on December 8, 2006, and was reinstated on March 12, 2007. The misconduct culminating in the present proceeding occurred while his license was suspended. He accepted a retainer fee to pursue a civil action, took no action on behalf of his client, failed to notify his client that his license was suspended, and did not respond to his client's efforts to communicate with him. The hearing panel unanimously recommended that he be suspended for 9 months from the practice of law in the state of Kansas.

This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Kent O. Docking, an attorney admitted to the practice of law in Kansas in September 1985. The respondent's last registration address with the Clerk of the Appellate Courts of Kansas is in Kansas City, Kansas.

The Kansas Board for the Discipline of Attorneys held a hearing on May 1, 2007.

### HEARING PANEL FINDINGS

The hearing panel found the following facts by clear and convincing evidence:

"1.   Kent O. Docking (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 12265. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Kansas City, Kansas. The Respondent was admitted to the practice of law in the state of Kansas on September 20, 1985.

"2.   On September 15, 2006, Teresa Oropeza retained the Respondent to terminate a guardianship/conservatorship case established for the benefit of her mother, Mary L. Hernandez, due to her mother's death on September 9, 2006. Ms. Oropeza paid the Respondent $1,000.00 for the representation. Additionally, [Ms.] Oropeza provided the Respondent with all of her financial information and paperwork concerning the administration of her mother's guardianship/conservatorship.

"3.   On October 17, 2006, Ms. Oropeza returned to the Respondent's office and signed a proposed petition for termination of the guardianship/conservatorship. However, the Respondent failed to file the petition with the Court.

"4.   On December 8, 2006, the Kansas Supreme Court suspended the Respondent from the practice of law in the State of Kansas for a period of 90 days. . . . *In re Docking*, 282 Kan. 715, 147 P.3d 139 (2006).

"5.   Following the Respondent's suspension, the Respondent did not notify Ms. Oropeza orally or in writing of his suspension. Additionally, the Respondent failed to notify any of his clients, in writing, of his suspension.

"6.   In January, 2007, the District Court sent Ms. Oropeza a letter directing her to file financial information with the Court. After receiving the letter from the Court, Ms. Oropeza called the Respondent's office but was unable to contact the Respondent. Ms. Oropeza then went to the Respondent's office and left the letter in his office. The Respondent did not contact Ms. Oropeza after she dropped off a copy of the letter in his office.

"7.   In early February, 2007, Ms. Oropeza was served with a citation to show cause why she should not be removed as guardian. After she was served with the citation to show cause, Ms. Oropeza called the Respondent's office on February 5, 2007, February 6, 2007, and February 8, 2007. When Ms. Oropeza called the Respondent's office, she was told that the Respondent was in court and not available. [FN: In his written response to the complaint, the Respondent acknowledged that his secretary falsely told Ms. Oropeza that he was in Court. The Respondent explained that while he did not know that his secretary was stating that to callers, he did acknowledge the wrongful nature of that conduct. It was incumbent upon the Respondent to train his support staff to properly advise his clients of his suspension.] Ms. Oropeza was not informed that the Respondent's license to practice law had been suspended. The Respondent did not return Ms. Oropeza's telephone calls.

"8.   On February 9, 2007, Ms. Oropeza sent the Respondent a letter *via* certified mail. On February 10, 2007, the letter was received in the Respondent's office and signed by 'Sec, Chris.' Although the letter was delivered to the Re-

spondent's office, the Respondent states that he did not receive this letter from Ms. Oropeza. As a result, the Respondent did not respond to Ms. Oropeza's letter.

"9.    On February 23, 2007, Ms. Oropeza appeared in court on the order to show cause. While in Court, Ms. Oropeza learned, for the first time, that the Respondent's license to practice law had been suspended. The Court continued the hearing and instructed Ms. Oropeza to hire a new attorney.

"10.    On March 4, 2007, Ms. Oropeza wrote a second letter to the Respondent. Ms. Oropeza's second letter provided:

"On September 15, 2006 I paid you a $1000.00 retainer fee for your services. You have done **nothing**. You were to petition the court to dissolve the guardian/conservator for my mother Mary L. Hernandez, turn in financial papers to the court, and publish public notice for the creditors.

"I have called your office many times and was told each time that you were in court. I received a letter from the court requesting my financial papers and brought them to your office with a notice to call me. The receptionist took the papers and said she would see to it that you received them. On February 9, 2007, I wrote a letter and sent it certified telling you that I had to appear in court on February 23, 2007. I got no response from your office.

"I went to court on the 23rd and the judge told me you were suspended. I am furious that I wasn't notified of your suspension. You and your receptionist could at least told me [*sic*] you weren't practicing instead of lying by saying you were in court. I want a full refund since you have done nothing but take my money. The judge gave me a continuance and told me to get a new lawyer.

The Respondent's secretary signed for Ms. Oropeza's second letter. Although the Respondent's secretary signed for the second letter, the Respondent did not receive the letter for some time. Apparently, the Respondent's secretary picked up the letter and other mail on her way out of the office on the day the letter was delivered. Rather than return the mail to the Respondent's office, the Respondent's secretary placed the mail, including Ms. Oropeza's second letter, in the Respondent's secretary's car where it remained for some time.

"11.    Ms. Oropeza called Paul Dent, the attorney who had previously initiated the guardianship/conservatorship, to represent her in the probate case. On March 9, 2007, Mr. Dent filed a petition for termination of guardianship and conservatorship.

"12.    In late February 2007, the Respondent contacted Stanton A. Hazlett by telephone to discuss his reinstatement. As a result of their discussions, on March 7, 2007, Mr. Hazlett prepared an order of reinstatement for the Court to consider. On March 12, 2008, the Court reinstated the Respondent's license to practice law.

"13.    On March 19, 2007, Ms. Oropeza filed a complaint with the Disciplinary Administrator's office. On March 23, 2007, the Disciplinary Administrator dock-

eted Ms. Oropeza's complaint for investigation. The Disciplinary Administrator forwarded a copy of Ms. Oropeza's complaint to the Respondent.

"14.   After receiving a copy of Ms. Oropeza's complaint, the Respondent refunded Ms. Oropeza's attorney fee. On April 14, 2007, the Respondent forwarded a response to Ms. Oropeza's complaint to the investigator.

"15.   In the Respondent's written response to the complaint, the Respondent complained that the Clerk's office should have notified him of the February 23, 2007, hearing. Specifically, the Respondent stated:

The February hearing, that Mrs. Oropeza mentioned, I had not [*sic*] notice of. I am enclosing a copy of a letter, from another Probate case, that was sent to the Petitioner only; not to me. I asked the head Probate Clerk why a motice [*sic*] was not sent to me and she replied; we just send them to who the Judge tells us to. I do not know what is going on over there; but I do know it is not right. Attorneys need to get notice.'

The Respondent's complaint is inappropriate and misplaced. First, the Respondent had neither filed the petition to terminate the guardianship/conservatorship nor had he entered his appearance in behalf of Ms. Oropeza. Second, the Respondent was suspended from the practice of law. Had the Respondent filed the petition to terminate the guardianship/conservatorship or entered his appearance, he would have been required to file a motion to withdraw as he was ineligible to engage in the practice of law. Either way, the Respondent was not entitled to notice from the Court. Finally, the Respondent may have received actual notice of the hearing from Ms. Oropeza. She repeatedly contacted the Respondent's office seeking assistance with the hearing scheduled for February 23, 2007. Despite Ms. Oropeza's repeated contacts, the Respondent did not contact Ms. Oropeza and inform her that he had been suspended."

Based on these findings, the hearing panel reached the following conclusions:

### "CONCLUSIONS OF LAW

"1.   The Respondent stipulated that he violated KRPC 1.4, KRPC 1.16(d), KRPC 8.1(b), and Kan. Sup. Ct. R. 211(b).

"2.   After considering the evidence presented in this case, the Hearing Panel concludes that the Respondent additionally violated KRPC 1.3 and Kan. Sup. Ct. R. 218(a) [FN: The Deputy Disciplinary Administrator also alleged that the Respondent violated KRPC 3.2. The Hearing Panel concludes that the Deputy Disciplinary Administrator did not present clear and convincing evidence that the Respondent violated KRPC 3.2.], as detailed below.

"3.   Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The Respondent failed to timely file and prosecute a petition for termination of the guardianship/conservatorship. The Respondent argued that because it subsequently took several months for Mr. Dent to close the estate, the Respondent did not fail to diligently represent [Ms.] Or-

opeza by failing to file the petition in October when he was retained. However, the Respondent's lack of diligence directly resulted in a delay from October, 2006, to March, 2007, in getting the petition on file. Had the Respondent filed the petition when he was retained and had the Respondent properly informed Ms. Oropeza that he could not represent her during the period of suspension, Ms. Oropeza could have sought replacement counsel and concluded the case earlier. Accordingly, the Hearing Panel concludes that the Respondent failed to provide diligent representation to Ms. Oropeza in violation of KRPC 1.3.

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to inform Ms. Oropeza that he had failed to file the petition to terminate the guardianship/conservatorship and failed to return Ms. Oropeza's telephone calls. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a) by failing to properly keep Ms. Oropeza informed about the status of her case.

"5. KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

Following the Respondent's suspension, the Respondent failed to take proper steps to protect Ms. Oropeza's interests, in that the Respondent failed to inform Ms. Oropeza that he was suspended from the practice of law for a period of 90 days and, thus, unable to represent her. The Hearing Panel concludes that, accordingly, the Respondent violated KRPC 1.16(d).

"6. Although the Respondent stipulated that he violated KRPC 1.4 and KRPC 1.16, he argued that the violations are duplicitous. The Respondent's argument lacks merit. To establish a violation of KRPC 1.4 requires different evidence than to establish a violation of KRPC 1.16. The Respondent's failure to properly communicate with Ms. Oropeza regarding the status of the representation serves as the basis for the KRPC 1.4(a) violation. The Respondent's failure to take proper steps to protect Ms. Oropeza['s] interests after his suspension serves as the basis for the KRPC 1.16 violation. Because the bases of the two violations are distinct, the Hearing Panel concludes that findings that the Respondent violated KRPC 1.4(a) and KRPC 1.16(d) are not duplicitous.

"7. A lawyer must cooperate in disciplinary proceedings. KRPC 8.1(b) provides: '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b). A lawyer must file an Answer to a Formal Complaint 'within twenty days after the service of the complaint.'

Kan. Sup. Ct. R. 211(b). In this case, the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 211(b) by failing to file a timely written Answer to the Formal Complaint.

"8.    Kan. Sup. Ct. R. 218 provide[s] specific requirements of an attorney when an attorney is suspended or disbarred from the practice of law. Specifically, all suspended and disbarred attorneys are required to:

'forthwith notify in writing each client or person represented by him or her in pending matters, of his or her inability to undertake further representation of such client after the effective date of such order, and shall also notify in writing such client to obtain other counsel in each such matter. As to clients involved in pending litigation or administrative proceedings, such attorney shall also notify in writing the appropriate court or administrative body, along with opposing counsel, of such inability to further proceed, and shall file an appropriate motion to withdraw as counsel of record.' Kan. Sup. Ct. R. 218(a).

Additionally, 'proof of compliance with this rule must be furnished to the Clerk of the Appellate Courts as a condition precedent to the filing of any Petition for Reinstatement pursuant to Rule 219.' Kan. Sup. Ct. R. 218(b).

"9.    The Respondent argues that because the Court failed to specifically state its opinion that the Respondent was required to comply with the provisions of Kan. Sup. Ct. R. 218, that he was excused from compliance. The Respondent offers no authority for his interpretation of Kan. Sup. Ct. R. 218. The Respondent's argument does not make sense. The Court is under no obligation to inform the Respondent, or anyone else, of its rules. Kan. Sup. Ct. R. 218 applies regardless of whether the Court includes mention of the rule in its opinion. Further, the Respondent argues that because the Court did not require that he certify to the Court that the had complied with Kan. Sup. Ct. R. 218 in applying for reinstatement that that amounted to further evidence that he was not required to comply with Kan. Sup. Ct. R. 218. Likewise, this argument lacks merit.

"10.    The Hearing Panel concludes that Kan. Sup. Ct. R. 218(a) required the Respondent to have notified Ms. Oropeza and his other clients in writing that he had been suspended from the practice of law. Additionally, the Hearing Panel concludes that Kan. Sup. Ct. R. 218(a) required the Respondent to inform the Courts and opposing counsel in writing of his suspension and formally withdraw from the representation of clients with pending litigation. Accordingly, the Hearing Panel concludes that the Respondent violated [Kan. Sup. Ct. R.] 218(a).

## "AMERICAN BAR ASSOCIATION
## STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or

actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duties to his client, Ms. Oropeza and to the legal profession.

"*Mental State.* The Respondent knew or should have known he was violating his duties.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused actual injury to Ms. Oropeza and the legal profession. Kan. Sup. Ct. R. 218 was designed to prevent the precise injury that Ms. Oropeza experienced in this case."

In determining its recommendations for discipline, the hearing panel found the following aggravating and mitigating factors applicable:

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on three occasions. First, on December 1, 1993, following a hearing before a Hearing Panel of the Kansas Board for Discipline of Attorneys, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 3.3 and KRPC 4.1.

"Next, on March 4, 1994, the Kansas Supreme Court censured the Respondent for having violated DR 5-105(A) (failing to decline employment where the exercise of his independent professional judgment on behalf of a client would be or was likely to be adversely affected), 5-105(B) (continuing multiple employment when the exercise of his independent professional judgment on behalf of a client would be or was likely to be adversely affected by his representation of another client), and DR 6-101(A)(1) (handling a legal matter which he knew or should have known that he was not competent to handle, without association with a lawyer who was competent to handle it). *In re Docking*, 254 Kan. 921, 869 P.3d 237 (1994).

"Finally, on December 8, 2006, the Kansas Supreme Court suspended the Respondent for a period of 90 days for having violated KRPC 1.3 (diligence), KRPC 1.4 (communication), KRPC 1.15(a) (safekeeping of property), and KRPC 1.16 (d) (termination of representation). *In re Docking*, 282 Kan. 715, 147 P.3d 139 (2006).

"Multiple Offenses. The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.16, KRPC 8.1, Kan. Sup. Ct. R. 211, and Kan. Sup. Ct. R. 218. As such, the Respondent committed multiple offenses.

"Vulnerability of Victim. Ms. Oropeza was vulnerable to the Respondent's misconduct.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1985. At the time the Respondent

engaged in misconduct, the Respondent had been 'practicing' law for more than 20 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the 'practice' of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstance present:

"Remoteness of Prior Offenses. The discipline imposed in 1993 and 1994 is remote in time and the misconduct that gave rise to the discipline imposed in 1993 is remote in character to the misconduct in this case."

The hearing panel considered certain Standards promulgated by the American Bar Association:

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; . . . .' Standard 4.42.

'Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.' Standard 4.43.

'Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client.' Standard 6.22.

'Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client.' Standard 6.23.

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

'Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.' Standard 8.2."

The hearing panel then made a recommendation of 9 months' suspension from the practice of law:

## "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be suspended from the practice of law for a period of one year. Counsel for the Respondent recommended that the Kansas Supreme Court censure the Respondent and that the censure be published in the Kansas Reports.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended for a period of nine months from the practice of law in the State of Kansas."

## DISCUSSION

In a disciplinary proceeding, we consider the evidence, the findings of the disciplinary panel, and the arguments of the parties to determine whether the respondent violated the KRPC and what discipline should be imposed. Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 304) (misconduct to be established by clear and convincing evidence).

The respondent did not file any exceptions to the panel's final report. A hearing panel's final report is deemed admitted under Supreme Court Rule 212(c) and (d) (2007 Kan. Ct. R. 317) when a respondent fails to file exceptions. *In re Devkota*, 280 Kan. 650, 655, 123 P.3d 1289 (2005). We conclude the panel's findings of fact are supported by clear and convincing evidence and support the panel's conclusions of law. Further, we adopt the panel's findings of fact and conclusions of law.

The Deputy Disciplinary Administrator and the hearing panel both agree that suspension is the appropriate sanction; the hearing panel recommending a 9-month suspension and the Disciplinary Administrator a 1-year suspension. We are not constrained by the recommendations of either the panel or the Disciplinary Administrator; such recommendations are advisory only. In this instance, the recommendation of suspension is entirely appropriate. Respondent was suspended at the time of the current violations for engaging in conduct that was remarkably similar in nature to the matter before us now. Testimony before the panel and this court demonstrates a failure to fully appreciate the duty he owes to his clients, the profession, and the public.

IT IS THEREFORE ORDERED that the respondent, Kent O. Docking, be and he is hereby disciplined by suspension from the practice of law in Kansas for a period of 1 year effective as of the

date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2007 Kan. Ct. R. Annot. 261) for violations of KRPC 1.3 (2007 Kan. Ct. R. Annot. 398); KRPC 1.4 (2007 Kan. Ct. R. Annot. 413); KRPC 1.16 (2007 Kan. Ct. R. Annot. 487); KRPC 8.1(b) (2007 Kan. Ct. R. Annot. 553); Rule 211(b) (2007 Kan. Ct. R. Annot 304); and Rule 218 (2007 Kan. Ct. R. Annot. 337).

IT IS FURTHER ORDERED that the respondent shall comply with Rule 218 (2008 Kan. Ct. R. Annot. 350) and Rule 219 (2008 Kan. Ct. R. Annot. 365) prior to readmission to the practice of law.

IT IS FURTHER ORDERED that the cost of this action be assessed to the respondent and that this order be published in the official Kansas Reports.